Ben JACKSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43810.

Court of Criminal Appeals of Texas.

June 2, 1971.

Hurley, Sowder & Rogers, by Dan M. Hurley, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., and Ronald M. Jackson, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation and sentencing appellant for the robbery by assault for which he had been placed on probation on January 24, 1966; punishment, five (5) years. One of the conditions of appellant's probation was that he commit no offense against the law.

Appellant's first ground of error is that he was not shown to be the same person who had been convicted of the misdemeanor offense of carrying a prohibited weapon which was one of the grounds for revocation. The complaint and information dated February 9, 1969, plus the judgment and sentence in that cause, were introduced into evidence and showed that Ben Jackson, Jr. was convicted of carrying on or about his person a pistol. Officer Talbott testified that he was an identification officer with the sheriff's office in Lubbock and that on the 9th day of February, 1969, he took an indexed fingerprint of Ben J. Jackson, Jr., who was charged with carrying a prohibited weapon and identified appellant as being the same man. Appellant's first ground of error is overruled. See Williams v. State, Tex.Cr. App., 463 S.W.2d 15.

His second ground of error is that State failed to prove that he was represented by counsel at the time of his misdemeanor conviction used to revoke.

While the appellant made an affidavit that he was indigent at the time of the revocation hearing, there are no allegations or proof that he was indigent more than a year before when he pled guilty to the misdemeanor nor had failed to waive counsel.

Finding no reversible error, the judgment is affirmed.