**John Roland BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–247 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 6, 1994.

Decided Nov. 30, 1994.

Jennifer A. Hale, Conroe, for appellant.

Daniel Rice, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a judgment and order adjudicating guilt. The trial court sentenced appellant to five (5) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In order to clarify the issues presented to us for determination, the following procedural events appear in the record before us.

On December 5, 1986, appellant was originally placed on deferred adjudication probation for a term of five years for the felony offense of Aggravated Sexual Assault. Thereafter, from February 9, 1988, through June 25, 1991, the State filed various motions to adjudicate guilt and motions to revoke probation alleging a variety of administrative violations by appellant. Following the filing on June 3, 1991 of the State's "Amended Motion to Adjudicate Guilt," and on June 25, 1991 of the State's "Amended Motion to Revoke Probation," both appellant and the State apparently entered into an agreement to amend the terms of appellant's probation in exchange for a withdrawal of both the amended motion to adjudicate guilt, and amended motion to revoke probation by the State.

On September 13, 1991, the trial court modified the terms of appellant's deferred adjudication order by, *inter alia*, extending appellant's probation period for one year from December 5, 1991 to December 5, 1992. Appellant was also placed under "Intensive Probation with the Community Supervision and Corrections Department of Montgomery County[.]" This modification of appellant's deferred adjudication order was memorialized in a very brief proceeding in open court which was recorded by the court reporter and is before us via a three page volume in the statement of facts.

Thereafter, on May 22, 1992, the State filed a "Motion to Adjudicate Guilt and Order Issuing Capias" alleging, in addition to a variety of administrative violations, that appellant committed the misdemeanor offense of Driving While License Suspended. Then on December 8, 1992, the State filed an instrument entitled, "Amended Motion to Revoke Probation" containing essentially the identical allegations as the May 22, 1992 motion to adjudicate guilt but including additional administrative violations. Appellant filed two separate motions to "quash." Said motions were heard prior to the adjudication hearing with both motions being denied by the trial court. Thereafter, appellant pleaded "true" to allegations in paragraphs II through V. The trial court then found the allegations true, found appellant guilty of the offense of Aggravated Sexual Assault, and sentenced appellant to five years in the penitentiary.

Appellant presents us with two points of error for consideration, *viz:*

Point of Error One: The trial court erred in denying appellant's first motion to quash State's pleadings, which motion asserted that the trial court lacked jurisdiction to adjudicate appellant's guilt as the State's pleadings were filed during a void extension of appellant's probation.

Point of Error Two: The trial court erred in denying appellant's second motion to quash State's pleadings, which motion asserted that appellant received insufficient

notice as to the nature of the proceedings initiated by the State against appellant.

■ We will address point of error two initially. Appellant contends that he was provided notice of only the "Motion to Revoke Probation," and not the "Motion to Adjudicate Guilt" allegations upon which the State proceeded at the adjudication hearing. It has been uniformly held that pretrial motions filed on the day of trial are untimely filed and may be overruled without need to conduct a hearing thereon. *Writt v. State,* 541 S.W.2d 424 (Tex.Crim.App.1976); *Sonderup v. State,* 418 S.W.2d 807 (Tex.Crim.App.1967). In the instant case, the adjudication hearing took place on September 3, 1993. The transcript reflects that appellant's second motion to quash was filed on September 3, 1993. The statement of facts from the September 3, 1993 hearing reflects that counsel for appellant handed the State the motion to quash after the hearing had begun. We find no error in the trial court's denial of appellant's September 3, 1993 motion to quash. Point of error two is overruled.

Appellant's first point of error presents a rather complex set of arguments leading up to appellant's general contention that the trial court lacked jurisdiction over appellant as the order extending appellant's probation for an additional year was void. At the outset, we note that appellant relies on various provisions of the revised Texas Code of Criminal Procedure which took effect September 1, 1993. We feel reliance on the revised provisions by appellant is misplaced as the source of appellant's complaint is the proceedings surrounding the extension of appellant's probation for one year which took place on September 13, 1991. The proper statutory focus is therefore on the code provisions in effect prior to the September 1, 1993 revisions.

Appellant contends that the trial court did not comply with the provisions of TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 5(b) (Vernon Supp.1994) by "conducting the statutorily mandated hearing" and then "determin[ing] to adjudicate the defendant's guilt." Because this was not done, appellant makes the following argument:

> The Code of Criminal Procedure addresses the modification of probation and provides procedural guidelines for the extension thereof, but all such guidelines include the due process "step" of finding a defendant to be in violation of a prior order before modification may take place. Tex.Code Crim.Proc. Art. 42.12, Sec. 22 (Vernon 1994). Due process was "skipped" in the modification of Appellant's probation. In the instant case, although allegations against Appellant had been withdrawn, the trial court "jumped" straight to punitive modification of Appellant's probation, in violation of the United States and Texas Constitutions. U.S. Const. amend. XIV sec. 1. Tex.Cons. of 1896, art. I, sec. 16.

We will not consider appellant's conclusory references to two constitutional provisions as appellant makes no attempt to provide authorities regarding the alleged protection afforded appellant by those constitutional provisions.[1] *Robinson v. State,* 851 S.W.2d 216, 222 (Tex.Crim.App.1991); TEX.R.APP.P. 74(f).

TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 5(b) (Vernon Supp.1992) provides:

> On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's ap-

---

1. We note that in the recent case of *Ex parte Harrington,* 883 S.W.2d 396 (Tex.App.—Fort Worth 1994, no pet. h.) [discussed at length in our opinion *infra*], the Court declined to hold that the Texas Constitution provided greater protection than the federal constitution with regard to procedural due process stating: "While af-fording a probationer written notice and a formal hearing prior to an extension of probation may be considered the better practice, we agree with the federal case law holding that such procedures are not a constitutionally commanded right." *Id.* at 401.

peal continue as if the adjudication of guilt had not been deferred.

Appellant's reliance on art. 42.12, sec. 5(b) appears inappropriate from an examination of the record before us. In the instant case, the State had already dismissed both motions alleging violations of the deferred adjudication order. It is clear that the proceeding in which appellant's probation was extended for one year was not intended to adjudicate his guilt, but merely to memorialize the agreement by both the State and appellant to extend the probation period. As remarkable as it may seem, a recent opinion from the Fort Worth Court of Appeals addresses issues virtually identical to those raised in the instant appeal.

In *Ex parte Harrington*, 883 S.W.2d 396, 398–400 (Tex.App.—Fort Worth 1994, no pet. h.), the defendant Harrington contended that the extension of her probation required the filing of a motion to revoke probation, written notice, and a formal hearing with proof of a violation in compliance with TEX.CODE CRIM.PROC.ANN. arts. 24 and 25 (Vernon Supp.1993). Harrington argued that by failing to follow the proper procedure, the trial court's extension was invalid. *Id.* at 398. The Fort Worth Court recognized that Harrington, as has the instant appellant, equated an extension of probation with a revocation of probation in arguing that the procedural requisites for conducting an adjudication of guilt and revocation of probation were essential to the trial court's jurisdictional authority to extend probation. *Id.* at 399–400. The Fort Worth Court found Harrington's contention to be meritless as do we likewise with the instant appellant's.

The *Harrington* Court pointed out that TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 10(a) (Vernon Supp.1993)[2] addresses the question of jurisdiction in a probation case. *Id.* at 400. Section 10(a) provides:

Only the court in which the defendant was tried may grant probation, impose conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent. Ex-

cept as provided by Subsection (d) of this section, only the court may alter conditions of probation.

■ As the *Harrington* Court next observed, nowhere in this jurisdictional provision does the statute make a motion to revoke, a jurisdictional prerequisite to the court's extension of probation as long as that action is taken prior to the expiration of the probationary period. *Id.* The following language from *Harrington* is especially germane to the arguments confronting us:

The extension of probation in this case was ordered while the trial court retained the jurisdictional authority to grant probation, impose and alter conditions, revoke the probation, or discharge the defendant. While section 24 appears to presume the filing of a motion to revoke prior to a revocation of probation, no similar presumption is made regarding an extension. In the absence of either an express or implied statutory requirement that a motion be filed before the trial court may extend probation, we cannot say the extension violated article 42.12.

*Id.*

■ In the instant case, we mirror the *Harrington* Court's rationale in that while art. 42.12, sec. 5(b) may presume the necessity of an adjudication of guilt prior to the trial court's assessing punishment, pronouncing sentence, granting probation, or with regard to the ripening of the defendant's appellate opportunity, no similar presumption can be made regarding an extension of probation. The record before us reflects that appellant's original deferred adjudication probation was not due to expire until December 5, 1991. The order extending probation was signed by the trial court on September 13, 1991. This was clearly within the period of time when the trial court retained jurisdiction over the appellant with regard to the terms and conditions of probation as provided under art. 42.12, sec. 10(a).

Furthermore, since continued jurisdiction over appellant's probation was retained by the trial court under the provisions of art. 42.12, sec. 10(a), art. 42.12, sec. 11(a) also

---

2. TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 10(a) (Vernon Supp.1992) contains identical language.

becomes applicable. Section 11(a) provides, in pertinent part:

> The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions; provided, however, that the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket.

Clearly sec. 11(a) provides almost unlimited authority to a trial court that wishes to "alter or modify" any conditions of probation so long as the probationary term has not expired. Therefore, we overrule appellant's first point of error as the trial court's order extending the term of appellant's deferred adjudication probation was not void. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. I believe the judgment can be affirmed without reaching the constitutional, due process issues. Therefore, the majority's discussion and adoption of the rationale in *Ex parte Harrington*, 883 S.W.2d 396, 398–400 (Tex.App.—Fort Worth 1994, no pet. h.) is unnecessary.

On September 13, 1991, the day the trial court extended appellant's probation for one year, there was filed a "Motion to Amend Conditions of Probation". This motion was signed by three individuals: appellant, the assistant District Attorney and appellant's counsel. The motion requested the conditions of probation be amended as follows: "o. Defendant's probation period is hereby extended one (1) year from December 05, 1991 til [sic] December 05, 1992." The order amending conditions of probation granted the motion in toto. Appellant cannot now complain of the very relief he sought.

In summary, I would save the acceptance of *Ex parte Harrington* until another day while still affirming the conviction.