James Allen WARMOTH, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–95–334–CR.

Court of Appeals of Texas,
Fort Worth.

May 15, 1997.

Joseph F. Zellmer, Denton, for appellant.

Bruce Isaacks, Criminal District Attorney, Yolanda M. Joosten, Rick Daniel, Jamie Beck, Assistant District Attorneys, Denton, Robert Huttash, State Prosecuting Attorney, Austin, for appellee.

Before CHUCK MILLER (Sitting by Assignment), DAUPHINOT and H. TOD WEAVER (Retired, Sitting by Assignment), JJ.

## OPINION

PER CURIAM.

On April 16, 1992 in cause number CR–91–05033–B, appellant James Allen Warmoth, Jr. was convicted on his no contest plea to the court of the offense of theft over $200 but less than $750. TEX. PENAL CODE ANN.

§ 31.03(a), (e) (Vernon Supp.1990).[1] The judge assessed Warmoth's punishment at 120 days' confinement in the Denton County Jail. Imposition of the sentence was suspended, and Warmoth was placed on community supervision[2] for twenty-four months. On March 4, 1993, the State filed a motion to revoke the community supervision. On March 29, 1994, the judge entered amended terms and conditions of community supervision, nunc pro tunc. One of these terms extended Warmoth's community supervision for eighteen months from March 22, 1994, the day the State withdrew the motion to revoke community supervision that was filed on March 4, 1993. Warmoth specifically agreed to this extension. On October 31, 1994, the State filed a second motion to revoke Warmoth's community supervision. On August 28, 1995, a hearing was held on the motion and at the conclusion of the hearing, the judge granted the motion and revoked Warmoth's community supervision and imposed sentence. On appeal, Warmoth brings three points of error complaining that the trial judge erred by overruling his motion to quash, that there is insufficient evidence to support the judge's decision to revoke, and that the trial court lacked jurisdiction over the case. We affirm the judgment as reformed.

As Warmoth phrases his first point of error: "The question to be determined in this point of error is whether the Court's Order Extending probation beyond the maximum three years is void and ineffective to support the [State's] Motion to Revoke." Warmoth contends that the order of March 29, 1994 was void in that it extended his probation beyond the period allowed by law.

■ Indeed, section 3 of article 42.12 of the Code of Criminal Procedure states that the maximum period of community supervision in a misdemeanor case is two years. Tex. Code Crim. Proc. Ann. art. 42.12, § 3(c) (Vernon Supp.1997). However, subsection (c) of section 22 of that same article modifies section 3:

(c) The judge may extend a period of community supervision under this section as often as the judge determines is necessary, but in no case may the period of community supervision in a first, second, or third degree felony case exceed 10 years or the period of community supervision in a misdemeanor case exceed three years. A court may extend a period of community supervision under this section at any time during the period of supervision or, if a motion for revocation of community supervision is filed before the period of supervision ends, before the first anniversary of the date on which the period of supervision expires.

*Id.* § 22(c). Under that same article, a judge may, either with or without a hearing, extend the period of supervision up to the maximum three years at any time during the original period of probation. *Id.; Bailey v. State,* 888 S.W.2d 600 (Tex.App.—Beaumont 1994, no pet.); *Ex parte Harrington,* 883 S.W.2d 396 (Tex.App.—Fort Worth 1994, pet. ref'd).

■ Warmoth's supervision was originally set to expire two years from April 16, 1992. Even under section 22(c) it could never extend past April 16, 1995. The judge's order of March 29, 1994 extending Warmoth's supervision from March 22, 1994 to September 22, 1995 therefore sought to extend Warmoth's supervision five months and six days past the maximum time allowed under any conditions. This is not disputed by the State. What is disputed is the effect and nature of the March 29, 1994 order. Warmoth contends that the order is void in its entirety, while the State maintains that it is void only as to the period after April 16, 1995. To that issue, we now turn.

The State points us to *Pedraza v. State,* 562 S.W.2d 259, 260 (Tex.Crim.App. [Panel Op.] 1978) and argues that the order is voidable only as to the time period that exceeds three years from the start of Warmoth's community supervision, April 16, 1992. In *Pedraza,* the judge placed the defendant on

---

1. *See* Act of May 25, 1985, 69th Leg., R.S. ch. 599, § 1, 1985 Tex. Gen. Laws 2244, 2245 (current version at Tex. Penal Code Ann. § 31.03 (Vernon 1994 & Supp.1997)).

2. Formerly called "probation" in the statute. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp.1997).

two years' misdemeanor probation in a case where the maximum length of probation was one year. *Id.* at 259. The Court of Criminal Appeals held that the order placing the defendant on probation was ineffective for only the additional year past the year allowed by the statute. *Id.* at 260.

Warmoth attempts to distinguish *Pedraza* by saying that the Court's reasoning therein was that because the grant of probation was an act of clemency, not punishment, the order was void only to the extent that it purported to subject the defendant to probationary supervision for a period beyond that authorized by law. However, Warmoth continues, in this case the extension of the period of probation was by its very nature an act of punishment, not clemency, and as such the entire order is as void as would be the case in any order sentencing a defendant to a punishment unauthorized by law. *Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim.App. 1991); *Fullbright v. State,* 818 S.W.2d 808, 809 (Tex.Crim.App.1991); *Heath v. State,* 817 S.W.2d 335, 339 (Tex.Crim.App.1991) (op. on reh'g); *State ex. rel. Curry v. Gray,* 599 S.W.2d 630, 633 (Tex.Crim.App.1980); *Cooper v. State,* 527 S.W.2d 898, 899 (Tex.Crim. App.1975).

Indeed, in *Pedraza* the Court stated:

This is not review of an improper assessment of punishment in a sentence that is indefinite or unauthorized in its directions to the executive authority charged with execution of sentence, such as would require reassessment of punishment before the executive would have a lawful order clearly directing him to the punishment to be imposed. Probation is not such an assessment of punishment; it suspends punishment and is in the nature of clemency. When probation is granted, the probationer is under the supervision of the court granting probation.

*Pedraza,* 562 S.W.2d at 260 (citations omitted). The Court went on to say that if the period of probation authorized by law had expired before the motion to revoke had been filed or before probation had been revoked, then a different situation would be presented. In the *Pedraza* case however, the motion to revoke had been filed and probation had

been revoked during the period of probation authorized by law. As such, only that portion of the judge's order granting probation past the period authorized by law was void, not the entire order.

Our analysis of *Pedraza* is at variance with Warmoth's however. We believe that a plain reading of the opinion shows that the Court's reasoning was founded on the fact that a probationer is under the *court's* power, as opposed to under the power of the executive (incarceration) branch of government. *Id.* The fact that probation is in the nature of clemency is only ancillary to that reality, in our view. As such, we find the holding in *Pedraza* controlling.

In this case, as in *Pedraza,* the motion to revoke was filed within the period of supervision authorized by law. Although the revocation hearing was held outside of the period of supervision authorized by law, such is allowed by separate case law. *Prior v. State,* 795 S.W.2d 179, 183 (Tex.Crim.App.1990); *Shahan v. State,* 792 S.W.2d 101, 103 (Tex. Crim.App.1990). Therefore, we conclude that only that part of the court's March 29, 1994 order extending Warmoth's supervision five months and six days past the maximum time allowed by law is void. Thus, the revocation of August 28, 1995, based on the October 31, 1994 motion to revoke, was authorized by law. Warmoth's first point of error is overruled.

■ In his second point of error, Warmoth alleges that there was insufficient evidence adduced at trial to prove that he was the same individual who was placed on probation on April 16, 1992. In a probation revocation proceeding, the burden of proof is upon the State to prove, by a preponderance of the evidence, the essential elements of the allegations in its motion to revoke. *Richardson v. State,* 622 S.W.2d 852, 853 (Tex.Crim. App. [Panel Op.] 1981); *Williams v. State,* 591 S.W.2d 873, 875 (Tex.Crim.App. [Panel Op.] 1979); *Flournoy v. State,* 589 S.W.2d 705, 709 (Tex.Crim.App. [Panel Op.] 1979); *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim.App.1974).

The record in cause number CR–91–05033–B shows that James Allen Warmoth,

Jr. was placed on probation in County Court at Law Number Two of Denton County, but the revocation proceeding took place in County Criminal Court Number One of Denton County. To prove at the August 28, 1995 hearing that Warmoth was the same James Allen Warmoth, Jr. placed on probation in cause number CR–91–05033–B in 1992, the State called Warmoth's probation officer Cecilia Barr. Barr identified Warmoth in the courtroom and described the clothing he was wearing. Barr stated that Warmoth was the same person as pictured in State's exhibit number one, a photograph of the person who reported to her in cause number CR–91–05033–B pursuant to the March 29, 1994 order extending Warmoth's period of supervision (an order Warmoth agreed to). The State also introduced a copy of Warmoth's driver's license. There was no testimony introduced contravening the State's evidence that Warmoth was the same person placed on probation on April 16, 1992. The State urges that because the Warmoth in the courtroom reported to Barr pursuant to the March 29, 1994 order in cause number CR–91–05033–B, he must be the same Warmoth who was on probation at the time the period of probation was extended in cause number CR–91–05033–B. The State also urges that State's exhibit number one is proof of identity.

Appellate review of a revocation order is limited to the issue of whether the trial court abused its discretion. *Flournoy*, 589 S.W.2d at 708. The trial judge is the sole trier of facts, the credibility of the witnesses, and the weight to be given to their testimony. *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Crim.App. [Panel Op.] 1978). Reviewing the record, we find that the evidence introduced by the State at the August 28, 1995 hearing to prove that Warmoth was the same James Allen Warmoth, Jr. placed on probation in cause number CR–91–05033–B in 1992 was sufficient, under the preponderance of the evidence standard, so that the trial judge's decision to revoke Warmoth's probation did not amount to any abuse of discretion. *Jackson v. State*, 467 S.W.2d 471 (Tex.Crim.App. 1971). Point of error two is overruled.

In point of error three, Warmoth contends that because there was no transfer order in the court's file, transferring the case from County Court at Law Number Two to County Criminal Court Number One, then the judge of County Criminal Court Number One had no jurisdiction to hear the revocation motion. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 10 (Vernon Supp.1997). During the proceeding, the State informed the court that the case had been transferred to County Criminal Court Number One by "Standing Order 95–005," an order the judge stated on the record that he was aware of. The docket sheet in cause number CR–91–05033–B contains the following notation:

4/10/95   / TRANSFERRED

Ccl2 to Ccr1 So 95005

We find that the docket sheet entry, coupled with the prosecutor's unchallenged statement about "Standing Order 95–005" and the judge's awareness of the order, constitutes sufficient proof that Warmoth's criminal case was in fact transferred from County Court at Law Number Two of Denton County to County Criminal Court Number One of Denton County on April 10, 1995. *See Casey v. State*, 519 S.W.2d 859, 861 (Tex.Crim.App. 1975). Point of error three is overruled.

The judgment of the trial court is reformed to reflect that Warmoth's community supervision expired on April 16, 1995. As reformed, the judgment of the trial court is affirmed.