Marcio Luis PREVATO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–00–01067–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 28, 2002.

John Garner Reed, Houston, for appellants.

Carmen Castillo Mitchell of Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

This is an appeal from a judgment adjudicating appellant Marcio Luis Prevato guilty of misdemeanor indecent exposure, sentencing him to 180 days' confinement in the county jail, and imposing a $307.00 fine. *See* Tex. Pen.Code Ann. § 21.08 (Vernon 1994). We affirm.

## PROCEDURAL BACKGROUND

Appellant was initially charged by information with indecency with a child, a felony. The State moved to reduce the charge to the lesser-included misdemeanor offense of indecent exposure, and appellant pleaded guilty to that offense with an agreed recommendation. On March 9, 1999, the trial court deferred adjudication of guilt, placed appellant on deferred-adjudication community supervision for one year and imposed a fine of $200.00, in accord with the plea bargain agreement.[1] The trial

---

1. The March 9, 1999, order for deferred adjudication referred to "conditions of community supervision." The December 8, 1999, order referred to "conditions of probation." The terms "community supervision" and "probation" share the same meaning and are gener-

court initially set appellant's community supervision to expire on March 8, 2000. However, on December 8, 1999, the trial court entered an order modifying appellant's conditions of probation and extending appellant's deferred-adjudication community supervision for another year, with community supervision set to expire March 8, 2001.

On June 16, 2000, appellant filed a motion to terminate his deferred-adjudication community supervision. He alleged the December 8, 1999 modification was unlawful. He complained that, in modifying his community supervision, the trial court violated Texas Code of Criminal Procedure sections 21 and 22. Appellant contended these sections required a hearing and a judicial determination he violated an existing condition of community supervision before the court could continue or modify such community supervision. The trial court denied the motion on June 16, 2000.

On June 22, 2000, the State filed a motion to adjudicate guilt. The State alleged appellant violated conditions of probation by failing to present written verification of employment on various reporting dates in 1999 and 2000, and by failing to attend and participate in a sex-offender treatment program. With an agreed recommendation, appellant pleaded true to the allegation. On July 13, 2000, the trial court adjudicated appellant guilty and, in accordance with the plea bargain agreement, assessed punishment at 180 days' confinement in the county jail and a fine of $307.00.

## DISCUSSION

■ *Issue one.* In issue one, appellant contends the trial court lacked jurisdiction to revoke his deferred adjudication because the state did not file the motion to revoke until after appellant's period of deferred adjudication expired.[2] Appellant's contention rests on the underlying premise that, when the trial court extended appellant's community supervision to March 8, 2001, the trial court did so unlawfully because it did not hold a hearing and did not determine appellant had violated the original terms of his community supervision. The State points to three cases as establishing that, under Texas Code of Criminal Procedure section 22(c) of Article 42.12, a court, with or without a hearing, may extend the period of supervision up to a maximum of three years at any time during the original period of probation. We will examine the State's authorities.

In *Ex parte Harrington,* the Fort Worth Court of Appeals viewed section 10(a) of Article 42.12, as addressing the question of jurisdiction in a probation case and concluded section 10(a) did not make a motion to revoke a jurisdictional prerequisite to the trial court's extension of probation so long as the court took action before the

---

ally used interchangeably. *Ex parte Renfro,* 999 S.W.2d 557, 559 n. 2 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding [leave denied]).

**2.** If appellant is simply attempting to attack the December 8, 1999, order extending his community supervision, we are without jurisdiction to hear the appeal. *See Christopher v. State,* 7 S.W.3d 224, 225 (Tex.App.-Houston [1st Dist.] 1999, pet ref'd). Like the present case, *Christopher* involved a motion to adjudicate filed after an initial period of community supervision had expired, while an extended

period was still in effect. *Id.* Christopher argued the trial court's order extending community supervision was invalid because it rested on her owing fees. *Id.* Christopher then argued, because the extension order was invalid, the trial court was without authority to adjudicate guilt beyond the original period and therefore she had suffered "constitutional harm." *Id.* The First Court of Appeals concluded Christopher was attempting to attack by appeal the order modifying the terms of her community supervision, and held there is no authority permitting such appeal. *Id.*

expiration of the probationary period. 883 S.W.2d 396, 399–400 (Tex.App.-Fort Worth 1994, pet. ref'd). The *Harrington* court also acknowledged the existence of former sections 24[3] and 25[4] of Article 42.12, which parallel current sections 21(b) and 22, and reasoned:

> Section 24 [the parallel to current section 22], without directly saying so, requires the filing of a motion to revoke probation before the end of the probationary period to preserve the court's jurisdiction beyond that period in the case where a revocation hearing cannot be held until after the probationary period has expired. *Prior v. State*, 795 S.W.2d 179, 184 (Tex.Crim.App.1990); *Guillot v. State*, 543 S.W.2d 650, 652 (Tex.Crim.App.1976). Relying on *Prior* and *Guillot*, Harrington equates an extension of probation with a revocation of probation and argues that the filing of a motion to revoke is essential to the trial court's jurisdictional authority to extend probation. We believe Harrington's reliance is misplaced.

*Id.* The court also rejected Harrington's claims that the federal Due Process Clause and the state due course of law provision required a formal hearing and proof of a violation before the court could extend the probationary period. *Id.* at 400–01.

In *Bailey v. State*, the Beaumont Court of Appeals followed *Harrington* and rejected the defendant's claim that an order extending probation was void because the

trial court had not conducted a hearing and made a determination to adjudicate guilt. 888 S.W.2d 600, 602–04 (Tex.App.-Beaumont 1994, no pet.). In support of his claim, Bailey invoked section 5(b) of Article 42.12, which pertains to the procedures for adjudicating guilt on violation of a condition of probation and which entitles the defendant "to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.2002); *Bailey*, 888 S.W.2d at 602. The Beaumont court observed that the defendant, like the defendant in *Harrington*, had "equated an extension of probation with a revocation of probation in arguing that the procedural requisites for conducting an adjudication of guilt and revocation of probation were essential to the trial court's jurisdictional authority to extend probation." *Bailey*, 888 S.W.2d at 603. In addition to referring to section 10(a), the *Bailey* court viewed section 11(a) as providing "almost unlimited authority to a trial court that wishes to 'alter or modify' any conditions of probation so long as the probationary term has not expired." *Id.* at 604.[5]

Finally, in *Warmoth v. State*, the Fort Worth Court of Appeals, in what appears to be dictum, opined that under section 22(c), "a judge may, either with or without a hearing, extend the period of supervision up to the maximum three years at any time during the original period of probation." 946 S.W.2d 526, 527 (Tex.App.-Fort Worth 1997, no pet.) (per curiam). In

---

3. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317 (amended 1989) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12 § 21 (Vernon Supp.2002)).

4. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317 (amended 1989, 1990, and 1991) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12 § 22 (Vernon Supp.2002)).

5. Section 11 reads in part as follows: "The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions." TEX.CODE CRIM. PRO. ANN. art. 42.12 § 11(a) (Vernon Supp.2002).

support, the court cited *Harrington* and *Bailey. Id.*

Appellant argues the *Bailey* court incorrectly cited Article 42.12, section 10 in addressing the question of jurisdiction to extend probation and incorrectly ignored the sections paralleling current sections 21 and 22. Section 10(a), the section on which *Bailey* relied, currently provides, in part:

> Only the court in which the defendant was tried may grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant, unless the judge has transferred jurisdiction of the case to another court with the latter's consent. Except as provided by Subsection (d) of this section, only the judge may alter conditions of community supervision.

TEX.CODE CRIM. PROC. ANN. art. 42.12 § 10(a) (Vernon Supp.2002).

Section 21(b), the present parallel to former section 24(a), provides:

> At any time during the period of community supervision the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested.... A defendant so arrested may be detained in the county jail or other appropriate place of confinement until he can be taken before the judge.... If the defendant has not been released on bail, on motion by the defendant the judge shall cause the defendant to be brought before the judge for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, extend, modify, or revoke the community supervision. A judge may revoke the community supervision of a defendant who is imprisoned in a penal institution without a hearing if the defendant in writing before a court of record in the jurisdiction where imprisoned waives his right to a hearing and to counsel. In a felony case, the state may amend the motion to revoke community supervision any time up to seven days before the date of the revocation hearing.... The judge may continue the hearing for good cause shown by either the defendant or the state.

TEX.CODE CRIM. PROC. ANN. art. 42.12 § 21(b) (Vernon Supp.2002).

Finally, section 22(a), the present parallel to former section 25, provides in relevant part:

> (a)If after a hearing under Section 21 of this article a judge continues or modifies community supervision after determining that the defendant violated a condition of community supervision, the judge may impose any other conditions the judge determines are appropriate, including:
>
> . . . .
>
> (2) an increase in the period of community supervision, in the manner described by Subsection (b) of this section;
>
> . . . .
>
> (c) The judge may extend a period of community supervision under this section as often as the judge determines is necessary....

TEX.CODE CRIM. PROC. ANN. art. 42.12 § 22 (Vernon Supp.2002).

While sections 21 and 22 require a hearing if the defendant has not been released on bail, they are silent as to whether a hearing is required in a case such as appellant's, where the defendant is not imprisoned. We agree with the reasoning in *Harrington, Bailey,* and *Warmoth,* and we interpret the Legislature's silence as authorizing a judge to extend a period of community supervision with or without a motion for revocation or a hearing. *See Warmoth,* 946 S.W.2d at 527; *Harrington,* 883 S.W.2d at 400; *Bailey,* 888 S.W.2d at

604. We hold Texas Code of Criminal Procedure, Article 42.12 grants broad authority to the trial court to modify the conditions of probation, and section 22(c) does not require the trial court to have a hearing before extending a defendant's community supervision term. Thus, appellant's initial period of community supervision was lawfully extended and the State's motion to revoke was properly filed. Appellant's first point of error is overruled.

■ *Issue two.* As we have decided that appellant's initial period of community supervision was lawfully extended, we must address his second point of error. In issue two, appellant contends the trial court lacked jurisdiction to revoke his deferred adjudication because no capias appears in the record. Appellant and the State agree that a trial court has jurisdiction when the State's motion to revoke is properly filed before the expiration of the probationary period and when a capias is issued before the expiration of the probationary period. *Brecheisen v. State,* 4 S.W.3d 761, 763 (Tex.Crim.App.1999).

While the initial clerk's record that was filed on appeal did not contain a capias, a supplemental record was filed and it shows a capias was issued on June 22, 2000. Appellant's probationary period did not expire until March 8, 2001. Thus, a capias was issued before the expiration of appellant's probationary period. Appellant's second point of error is overruled.

We affirm the judgment of the trial court.

