In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00021-CR
______________________________


JEFFERY DWAYNE MCWRIGHT, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Criminal Court at Law No. 13
Harris County, Texas
Trial Court No. 11245400


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Jeffery Dwayne McWright has filed a motion, signed both by himself and his attorney, asking
this Court to dismiss his appeal. Pursuant to Tex. R. App. P. 42.2(a), his motion is granted.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â April 12, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 13, 2005

Do Not Publish 





e" Name="Medium Grid 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00113-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DOUGLAS ALAN DANZER,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hopkins County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 9815138

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

In its motion to proceed with adjudication
of Douglas Alan DanzerÂs guilt for aggravated sexual assault of a child,[1]
the State alleged eighteen violations.Â 
Danzer pled ÂtrueÂ to all eighteen, including one violation that, while
under community supervision, he had direct contact with his biological
granddaughter, a minor.Â  The trial court accepted
DanzerÂs plea and sentenced him to sixty yearsÂ imprisonment.

In his sole point on appeal, Danzer argues
that, because the trial court had previously modified his conditions of
community supervision to allow him to be in the presence of his minor
biological children, we should interpret that modification to allow him to be
in the presence of his minor biological granddaughter.Â  Danzer argues that this Court should
interpret the term Âbiological childrenÂ to include Âbiological grandchildrenÂ
and that we should, based on that interpretation, reverse and remand the trial
courtÂs sentence.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the trial courtÂs judgment because Danzer does not contest the other seventeen
violations, to which he pled Âtrue,Â and because there are no factual or legal
grounds to support the interpretation of the term Âminor biological childrenÂ
to include DanzerÂs minor granddaughter.

Â Â Â Â Â Â Â Â Â Â Â  One
significant problem with DanzerÂs appeal is that he pled ÂtrueÂ to eighteen
violations of his community supervision terms, the violation raised in his one
point of error on appeal and seventeen other violations.Â  A plea of ÂtrueÂ to even one allegation is
sufficient to support a judgment of adjudication. Â Watts v.
State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Lewis
v. State, 195 S.W.3d 205, 209 (Tex. App.ÂSan Antonio 2006, no pet.); Bahm
v. State, 184 S.W.3d
792, 801 (Tex. App.ÂBeaumont 2006), revÂd
on other grounds, 219 S.W.3d 391 (Tex. Crim. App. 2007).Â  Danzer fails to raise any defense or point of
error regarding the other seventeen community supervision violations to which
he pled true.Â  Therefore, we must affirm
the judgment of the trial court.

Â Â Â Â Â Â Â Â Â Â Â  Even had
Danzer not admitted the other violations, we would affirm on his sole point of
error.

Â Â Â Â Â Â Â Â Â Â Â  Rule 38.1(h) of the Texas
Rules of Appellate Procedure requires that a brief contain Âa clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.ÂÂ  Tex. R. App. P. 38.1(h).Â  An inadequately briefed issue may be waived
on appeal.Â  Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284Â85 (Tex. 1994) (discussing the
Âlongstanding ruleÂ that a point may be waived due to inadequate briefing); McCarthy
v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001); Hooper v.
Smallwood, 270 S.W.3d 234 (Tex. App.ÂTexarkana 2008, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  Because
the argument on DanzerÂs sole point of error is inadequately briefed, we are
not required to address it.Â  We
nevertheless, in the interest of justice, address it on this occasion.Â  In that point of error, Danzer asks us to
include ÂgrandchildÂ in the term ÂchildÂ and thus hold that Danzer was within
the trial courtÂs exception to the no-contact-with-minors provision when he was
in contact with his minor granddaughter.

Our
review of an order revoking community supervision is limited to determining
whether the trial court abused its discretion. Â Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984).

A trial court retains
continuing jurisdiction over a defendantÂs community supervision and has almost
unlimited authority as a matter of law to alter or modify any conditions of community
supervision Â during Â the Â probationary
Â period. Â Â See Â Tex.
Â Code Â Crim. Â Proc.
Â Ann. Â art. 42.12, Â§Â§ 10(a), 22 (Vernon Supp. 2009); Ex
parte Fulce, 993
S.W.2d 660, 662 (Tex. Crim. App. 1999); Bailey v. State, 888 S.W.2d 600,
604 (Tex. App.ÂBeaumont 1994, no pet.). Â Trial
courts have been given wide discretion in selecting terms and conditions of community
supervision.Â  Fielder v. State,
811 S.W.2d 131, 134 (Tex. Crim. App. 1991); Salinas v. State, 514 S.W.2d
754 (Tex. Crim. App. 1974). Â If the
conditions of community supervision are clear, explicit, and unambiguous so
that the defendant understands what is expected of him or her, and if such
conditions bear a reasonable relationship to the treatment of the defendant and
the protection of the public, the imposition of such conditions of community
supervsion will not be disturbed on review. Â Macias v. State, 649 S.W.2d 150, 152
(Tex. App.ÂEl Paso 1983, no pet.).[2]

The trial court amended the
conditions of DanzerÂs community supervision to prohibit Danzer from being in
the direct presence of, or having any personal contact with, Âany person under
the age of 17, except for his biological children.ÂÂ  BlackÂs Law Dictionary defines Âbiological
childÂ as Âa child by birth, as distinguished from an adopted child" and
the applicable meaning of ÂchildÂ is Âa son or daughter.ÂÂ  BlackÂs
Law Dictionary 271Â72 (9th ed. 2009).Â 
Neither DanzerÂs brief nor a search of applicable law reveals any
authority empowering this Court to alter the plain and accepted definition of
Âbiological childrenÂ to include grandchildren. 

Â Â Â Â Â Â Â Â Â Â Â  We
overrule DanzerÂs point of error and affirm the trial courtÂs judgment.

Â 

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  April
15, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  April
16, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 











[1]Danzer
had pled guilty to aggravated sexual assault of a child and had received ten
yearsÂ deferred community supervision.





[2]Danzer
does not argue that the conditions of his community supervision (1) were
unclear, implicit, or ambiguous, or (2) bore no reasonable relationship to his
treatment and the protection of the public.