NO.
12-05-00376-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KENDERICK JOHNSON,   §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Kenderick D.
Johnson appeals from the revocation of his community supervision.  In two issues, Appellant argues that the
trial court erred when it denied his motion to quash the motion to revoke his
community supervision and that there was legally insufficient evidence to prove
that he violated the terms of his community supervision.  We affirm.

 

Background

            After
a jury trial, Appellant was convicted of aggravated robbery.  The jury assessed punishment at five years of
imprisonment but suspended that sentence and recommended that Appellant be
placed on community supervision.  Eight
months later, the State filed a motion to revoke Appellant’s community
supervision.  Appellant pleaded “true” to
the allegations, and the trial court sentenced him to ten years of community
supervision with the first 180 days to be served at a boot camp.  The boot camp facility refused to accept
Appellant.  It is unclear precisely what
happened at this point, but Appellant was subsequently released from prison and
returned to community supervision with the additional requirement that he
cooperate with a prescribed drug treatment program.








            In
August 2005, the State again filed to revoke Appellant’s community supervision
alleging that he had committed the offenses of possession of drug paraphernalia
and criminal trespass.  On the day of the
hearing, Appellant filed a motion to quash the State’s motion to revoke.  The trial court denied the motion to quash,
found that Appellant had committed criminal trespass, and imposed the suspended
sentence.  This appeal followed.

 

Motion to
Quash

            In
his first issue, Appellant complains that the trial court should have granted
his motion to quash because the motion to revoke his community supervision did
not allege the date that Appellant possessed drug paraphernalia or committed criminal
trespass.

Standard of Review and Applicable Law

            A
person on community supervision is entitled to reasonable notice before the
State seeks to revoke a previously suspended sentence.  See LaBelle v. State, 720
S.W.2d 101, 108 (Tex. Crim. App. 1986). 
But the allegations made in a motion to revoke need not be as precise as
would be required in an indictment, and the State is not bound by the alleged
date of occurrence so long as the violation occurred after the beginning date
of community supervision and before the end of the supervision period.  See Chreene v. State, 691
S.W.2d 748, 750 (Tex. App.–Texarkana 1985, pet. ref’d) (citing Fowler v.
State, 509 S.W.2d 871 (Tex. Crim. App. 1974)).  Generally, we review a trial court’s decision
to deny a motion to quash for an abuse of discretion.  Thomas v. State, 621 S.W.2d
158, 163 (Tex. Crim. App. 1980).

Analysis

            The
motion to revoke Appellant’s community supervision simply alleges that
Appellant committed the “offenses of possession of drug paraphernalia and
criminal trespass.”  There are spaces on
the form for the date of the offense, but they are blank.  No reports or other statements are attached
to the motion to further explain the alleged offenses.  

            Appellant
complains that the State’s motion provided insufficient notice to allow him to
prepare a defense because it did not allege a date of occurrence.  The State’s first response is that the motion
to quash was untimely because it was filed the day of the revocation
hearing.  The State cites Bailey v.
State, 888 S.W.2d 600 (Tex. App.–Beaumont 1994, no pet.) and Cantu
v. State, No. 13–94–00560–CR, 1997 Tex. App. LEXIS 3043 (Tex. App.–Corpus
Christi 1997, no pet.) (not designated for publication) for the proposition
that a motion to quash must be filed before the day of the hearing on a motion
to revoke community supervision.  

            The
Bailey decision does state that a motion to quash filed the day
of a revocation hearing is untimely.  Bailey,
888 S.W.2d at 602.  But the motion to
quash in that case was filed after the hearing began, and the law is clear that
a motion to quash filed after the beginning of the hearing is untimely.  See Longoria v. State, 624
S.W.2d 582, 584 (Tex. Crim. App. 1981) (citing Tone v. State, 505
S.W.2d 300, 302 (Tex. Crim. App. 1973)). 
Cantu is not precedential, and it is in dicta that the
court holds that a motion to quash a motion to revoke must be filed before the
day of the hearing.  Cantu,
1997 Tex. App. LEXIS 3043, at *7–8.  By
contrast, in Matte v. State, 572 S.W.2d 547, 548 n.2 (Tex. Crim.
App. 1978), the court of criminal appeals approved a trial court’s decision to
treat a motion to quash as having been filed before the beginning of the
hearing.  As such, the court considered
the motion to be timely filed.  Id.  Therefore, we decline to hold that the motion
to quash was untimely.

            The
date of a violation of the terms of community supervision is important and
should be included in a motion to revoke. 
See, e.g., Graham v. State, 502 S.W.2d 809,
810–11 (Tex. Crim. App. 1973); Smith v. State, 932 S.W.2d 279,
282 (Tex. App.–Texarkana 1996, no pet.). 
In this case, the trial court should have granted the motion to quash
because the State alleged only that Appellant had committed the offenses of
possession of drug paraphernalia and trespass without making any further
allegations as to when or where the offenses had been committed.  Standing alone, this charging instrument was
insufficient to put Appellant on notice as to how he had violated the terms of
his community supervision.

            However,
our review does not end here because we must determine if Appellant was harmed
by the lack of notice in the motion to revoke. 
See LaBelle, 720 S.W.2d at 107.  Whether harm exists is be determined from the
facts of the case.  Id. at
107–08.  The failure to provide adequate
notice only results in reversible error if, in the context of the case, the
omission had an impact on the defendant’s ability to prepare a defense.  Id. (citing Adams v.
State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986)). 

            In
LaBelle, the court held that the trial court should have granted
a motion to quash the motion to revoke probation because the motion failed to
specifically identify a government document the defendant was alleged to have
removed and destroyed.  LaBelle,
720 S.W.2d at 106.  The court noted that
the defendant knew which document he was alleged to have destroyed because he
had discussed the matter with his probation officer.  Id. at 109.  Therefore, the court held that the defendant
had not shown that his ability to prepare his defense was affected by the
inadequate motion to revoke probation.  Id.

            Similarly,
in the present case, it is clear from the record that Appellant knew to which
incidents the motion to revoke referred and that his ability to prepare a defense
was not impaired.  Specifically,
Appellant had been arrested for the offenses approximately two weeks before the
hearing, and he testified about the incidents in his own behalf.  From our review of his testimony, it is clear
that Appellant was familiar with the accusations, and he succeeded in
convincing the trial court that he was not responsible for the drug
paraphernalia found near him.  Appellant
has failed to show that he suffered any harm from the State’s failure to allege
the date he violated the terms of his community supervision in its motion to
revoke.  Therefore, we overrule Appellant’s
first issue.

 

Sufficiency
of the Evidence

            In
his second issue, Appellant contends that the evidence is legally insufficient
to prove that he violated the terms of his community supervision.  Specifically, he argues that he had no notice
that he was not permitted to visit the apartment in which he was found.

Standard of Review

            The
State must prove that a defendant violated the terms of his community
supervision by a preponderance of the evidence. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993).  In order to satisfy its burden of
proof, the State must prove that the greater weight of the credible evidence
before the trial court creates a reasonable belief that a condition of
community supervision has been violated as alleged in the motion to
revoke.  See In the Interest of
B.C.C., 187 S.W.3d 721, 724 (Tex. App.–Tyler 2006, no pet.).  We review a trial court’s decision to revoke
a defendant’s community supervision in a light most favorable to the ruling and
for an abuse of discretion. Arterberry v. State, 800 S.W.2d 580,
580 (Tex. App.–Tyler 1990, no pet.). 
Community supervision may be revoked if the trial court finds that one
of the alleged grounds for revocation is proven.  Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980).

Analysis

            The
State alleged that Appellant had committed the offenses of criminal trespass
and possession of drug paraphernalia. 
The trial court found that Appellant had committed the offense of
criminal trespass.  In relevant part, a
person commits the offense of criminal trespass if he enters the property or
building of another without the effective consent of the owner and he had
notice that his entry was forbidden.  Tex. Pen. Code Ann. § 30.05(a)(1)
(Vernon Supp. 2006).  

            Appellant
admitted being on the property of the Lazy Oaks apartment complex.  Specifically, he was in a friend’s apartment
when the police arrived and arrested him. 
An officer testified he had informed Appellant, on a previous occasion,
that the Lazy Oaks management did not want him on the property and that he had
served Appellant with a written trespass warning.  The written trespass warning was admitted
into evidence.

            Appellant
argues the trespass warning he received did not put him on notice that he could
not enter the specific apartment in which he was found because Lazy Oaks is a
large apartment complex and he was present with the renter’s permission.  Nevertheless, even if we assume Appellant
could have entered the apartment without trespassing, the trial court could
have reasonably concluded that Appellant was on notice not to enter any of the
apartments on the Lazy Oaks property.  See
Williams v. State, 138 S.W.3d 43, 45 (Tex. App.–Waco 2004, no pet.)
(Rational juror could conclude that defendant had been excluded from the entire
apartment complex.).  As he was found on
the property after having been warned not to enter it, the trial court did not
abuse its discretion when it found Appellant had committed criminal
trespass.  We overrule Appellant’s second
issue.

 

Disposition

            We
affirm the judgment of the trial court.  

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered January 10, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)