**Joe Sidney WILLIAMS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–02–00237–CR.**

Court of Appeals of Texas,
Waco.

April 14, 2004.

Phil Martinez, Waco, for Appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for State.

Before Chief Justice GRAY, Justice VANCE, and Justice FELIPE REYNA.[1]

## MEMORANDUM OPINION

FELIPE REYNA, Justice.

Joe Sidney Williams was convicted of criminal trespass and was sentenced to 180 days in the county jail and a $2000 fine. Williams complains in two issues that the evidence is legally and factually insufficient to support his conviction. We affirm.

## FACTS

On March 21, 2001, Officer Rush observed Williams loitering at the Parkside Villages Apartment Complex in Waco. Officer Rush warned Williams that he did not belong on the property and told him not to "go back to Parkside Villages, 1323 North Ninth, 1100 North Sixth, or you'll go to jail for criminal trespass." Officer Rush then gave Williams a written citation stating that Williams had been warned to leave the property.

On April 18, 2001, Officer Rush saw Williams loitering at Parkside Villages and thereupon filed a report that led to the arrest of Williams for criminal trespass.

## LEGAL INSUFFICIENCY

Williams specifically complains that there is no evidence that he was given notice that he would be trespassing at the specific address 1201 North Ninth, (the address listed in the information).

---

1. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State,* 30 S.W.3d 384, 389–90 (Tex.Crim.App.2000). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.; McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App.1997).

A person commits criminal trespass if he enters or remains on property of another without effective consent, and he had notice that the entry was forbidden. TEX. PEN.CODE ANN. § 30.05(a) (Vernon 2004). Notice is defined as an oral or written communication by the owner or someone with apparent authority to act for the owner. *Id.* § 30.05(a)(2)(A).

Misty Mason, manager of Parkside Villages, testified that she asked the Waco Police Department to patrol Parkside Villages and to warn off individuals having no business at the property. This is sufficient testimony such that a rational juror could conclude that Officer Rush had apparent authority to give notice that entry onto Parkside Villages was forbidden.

Officer Rush testified that Parkside Villages is located from the 1200 block to the 1500 block of North Ninth Street, including the address 1201 North Ninth. This testimony, coupled with Rush's further testimony that he warned Williams to stay off "Parkside Villages, 1323 North Ninth, 1100 North Sixth," could lead a rational juror to infer that Williams was effectively warned off of the entire Parkside Villages complex. Therefore, a rational jury could conclude beyond a reasonable doubt that Williams had sufficient notice that his entry was forbidden at 1201 North Ninth. *McDuff,* 939 S.W.2d at 615–16.

Looking at all the evidence in the light most favorable to the verdict, we find that the evidence was legally sufficient to support the jury's verdict that Williams committed criminal trespass beyond a reasonable doubt. Williams's first issue is overruled.

## FACTUAL INSUFFICIENCY

■ Williams's second issue complains that there is factually insufficient evidence to support his conviction.

■ In reviewing a challenge to the factual sufficiency of the evidence, we begin with the assumption that the evidence is legally sufficient. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We must view all the evidence without the prism of the "in the light most favorable to the prosecution" construct. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). We ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000); *see also Goodman v. State,* 66 S.W.3d 283, 285 (Tex. Crim.App.2001).

■ We must also remain cognizant of the factfinder's role and unique position—one that the reviewing court is unable to occupy. *Johnson,* 23 S.W.3d at 9. The jury determines the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). It is the jury that accepts or rejects reasonably equal competing theories of a case. *Goodman,* 66 S.W.3d at 287. A decision is not manifestly unjust as to the accused merely because the factfinder resolved conflicting views of evidence in fa-

vor of the State. *Cain. v. State,* 958 S.W.2d 404, 410 (Tex.Crim.App.1997).

Williams's sister, Jo Catherine, testified that she lived at Parkside Villages and that Williams often came to visit her and take her to her dialysis treatments. She further stated that she talked with Mason about allowing Williams on the property in order to help take care of her. Mason testified that she had never been asked about whether Williams could visit Jo Catherine, and that she had past problems with Williams loitering and selling drugs at the premises. She further testified that she frequently observed Jo Catherine taking the bus to her dialysis treatments.

The jury is the ultimate fact finder on issues of credibility, and by its verdict, the jury chose to believe Mason and Officer Rush. *Parker v. State,* 119 S.W.3d 350, 355 (Tex.App.-Waco 2003, pet. ref'd). Consequently, we do not find that the proof of guilt is so greatly outweighed by contrary proof, or so weak as to undermine confidence in the jury's decision. *Johnson,* 23 S.W.3d at 11. Williams's second issue is overruled.

## CONCLUSION

Having overruled all of Williams's issues, we affirm the judgment of the trial court.