NO. 07-05-0281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 20, 2007
_____

SCOTT WILLIAM BRADLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 109,517; HONORABLE PAMELA SIRMON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In four issues Scott William Bradley challenges the sufficiency of the evidence supporting his conviction for the misdemeanor offense of criminal trespass. His first two issues question the legal and factual sufficiency of the evidence he received notice he was not permitted on the property at issue. His third and fourth issues question the legal and factual sufficiency of the evidence he was on the property. Finding the evidence sufficient to support the conviction, we affirm.

The events leading to appellant's prosecution arise from a failed personal relationship with the complainant, Mary Lyles. Appellant and Lyles lived at her house[1] on Broadway Street until April of 2004. After appellant moved out, Lyles initially allowed him continued access to the premises to work on a vehicle kept there and to retrieve his property. Citing unspecified threats by appellant, on June 24 she asked the Potter County Sheriff's Office to inform appellant he was not permitted to return to the property. The State introduced a written "trespass warning" signed by appellant, Lyles and a deputy sheriff instructing appellant he was "forbidden to return" to the address.

On the day of appellant's arrest in November 2004, Jose Lozado stopped at Lyles' home seeking hay for his cattle. When there was no response at the front door, he went through a gate to see if Lyles was in the back yard. She was not. On returning to the gate he was met by appellant who asked why he was there, questioned whether he had taken tools from the open garage and blocked Lozado from coming out the gate. About that time Lyles, who was a passenger in a truck driven by Robin Koch, returned. They found appellant had parked in the driveway behind Lozano's vehicle, preventing them from pulling completely off the street. Appellant walked from the front of his truck to the front of Koch's truck where they quickly began a physical altercation. After more words were exchanged, appellant drove his truck across the road where he went to a neighbor's house to call the sheriff's office, reporting that he had been assaulted. Appellant was later

---

[1] According to Lyles title to the property was held in the name of a family trust. She was the beneficial owner of the property.

arrested for assault and criminal trespass. Over appellant's plea of not guilty, the jury found him guilty and assessed punishment at 30 days confinement and a $500 fine.

As noted, appellant's issues challenge the legal and factual sufficiency of the evidence supporting his conviction. The parties' briefs correctly set out the standards by which we review challenges to the legal sufficiency of the evidence and recitation of those standards here is unnecessary. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005) (stating standards). After the parties filed their briefs in this case the Court of Criminal Appeals offered further guidance to appellate courts concerning reviews of the factual sufficiency of evidence. *See Watson v. State*, 204 S.W.3d 404 (Tex.Crim.App. 2006). Before reversing based on factual insufficiency an appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, at 417. When conducting a sufficiency review, we consider all the evidence admitted, whether proper or improper. *Conner v. State*, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001).

The offense of criminal trespass is defined in section 30.05 of the Penal Code. Tex. Pen. Code Ann. § 30.05 (Vernon 2005). It provides, in pertinent part: "A person commits an offense if he enters or remains on or in property . . . of another without effective consent . . . and he: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." *Id.* The statute defines notice to mean "oral or written communication by the owner or someone with apparent authority to act for the owner." As the jury was

3

instructed, the term owner is not limited to the person with title to the property, but includes those in possession of property. *See* Tex. Pen. Code Ann. § 1.07(35)(A) (Vernon 2005).

Appellant first challenges the sufficiency of the evidence that he had notice his entry on the property was forbidden. His argument in support contends the written trespass warning failed to give him proper notice of the property location because it did not include a municipality or county, or specify the boundary of the property owned by the complainant.[2] Appellant's failure to cite authority in support of this argument would provide a sufficient basis to overrule his first two issues. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000). The argument also fails on its merits. The written warning, entitled "Potter County Sheriff's Office Trespass Warning," listed Lyles as the owner of the property. Taken together with the undisputed fact that appellant had lived with Lyles at that address for several years, the evidence is both legally and factually sufficient to establish appellant had notice of what property he was prohibited from entering.

The absence of a formal legal description of the property's boundaries did not render the notice inadequate. In *Williams v. State*, 138 S.W.3d 43 (Tex.App.--Waco 2004, no pet.), the defendant received written notice not to return to a named apartment complex, listing the addresses "1323 North Ninth, 1100 North Sixth." He was subsequently charged with trespassing on the complex property at 1201 North Ninth. *Id.* at 45. Rejecting sufficiency challenges, the court found the evidence supported the jury's finding the

---

[2] Appellant's brief also recites the warning was provided by telephone. Appellant's signature on the face of the written warning and the testimony of Deputy Harrison who delivered the warning to appellant make clear he personally received the warning.

4

defendant had notice he was not permitted at 1201 North Ninth.  *Id.* at 46.  We overrule appellant's first two issues.

By his third and fourth issues appellant challenges the legal and factual sufficiency of the evidence that he entered the complainant's property.  He argues Lyles "does not know where her property begins and/or ends" and there was no evidence he was on her property.  The record contains, however, Lyles' testimony over appellant's objection that her property extends to a fence identified in photographs.  The first witness presented by the defense was a surveyor who testified the public road right-of-way extends to the same fence.  The location of the property line was not in dispute.  The disputed fact was whether appellant had crossed over the property line.

The record also contains Jose Lozado's unequivocal testimony that appellant was on the property and "he [was] past the fence, I know that."[3]  During her testimony, Lyles drew the location of each of the vehicles on a photograph of the property that was introduced as State's exhibit 2.  The drawing and underlying photograph show appellant's vehicle beyond the fence.  The jury also heard without objection the testimony of Deputy Langwell that appellant said he was on the property and he "knew he wasn't supposed to be on the property."  Viewing this evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt that appellant entered the complainant's property.  We overrule appellant's third issue.

---

[3] The record makes reference to a diagram made by Lozado on a chalkboard during his testimony. That diagram is not a part of the record on appeal.

In his factual sufficiency challenge, appellant points to the testimony of two officers evidencing their mistaken belief that all of the driveway was included in the property owned by Lyles. This does not controvert the testimony of the witnesses who said appellant had crossed the property line onto the property. We overrule appellant's fourth issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

6