

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00065-CR

DAVID MATTHEW HEFLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 12-M-1779-CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

David Matthew Hefley and Wanda Bishop were neighbors. In March 2011, Hefley was observed walking on Bishop's pasture located behind her house at 105 Honeysuckle in DeKalb. Previously, Hefley had been served with an official notice not to enter Bishop's property located at 105 Honeysuckle; and Bishop's pasture was posted with signs forbidding trespassing and conspicuous purple paint on perimeter trees.

Hefley was charged by information[1] with the misdemeanor offense of criminal trespass and was thereafter convicted and sentenced to spend thirty days in county jail. Hefley appeals his conviction, claiming the evidence is insufficient to establish he had notice not to enter the pasture. Finding the evidence sufficient to support the conviction, we affirm.

In January 2011, Bishop had filed a criminal trespass notice with the DeKalb Police Department, prohibiting Hefley from entering the property located at 105 Honeysuckle in DeKalb, where Bishop resides. The trespass notice lists Hefley's address as 1222 Rolling Hills Drive, near Bishop's property. There is no dispute that the criminal trespass notice was delivered to Hefley.[2]

A portion of Bishop's property is pasture land behind the housing addition on Rolling Hills Drive. The pasture portion of the property is lined with trees and is partially fenced. Bishop's complete property consists of approximately fourteen contiguous acres. Bishop's house is located at the back of the acreage. When asked if all of her acreage is located at 105

---

[1] The information charged that Hefley intentionally and knowingly entered "a building; shelter center; on property; or habitation owned by another without the effective consent of said owner, and the said defendant had notice that the entry was forbidden."

[2] The record also contains numerous other criminal trespass notices to keep Hefley off of neighbors' properties.

Honeysuckle, Bishop testified, "[P]robably not." But Bishop also testified that the 105 Honeysuckle address encompasses the entirety of her property, that it would not be possible for a person to come on to Bishop's land without realizing that it belonged to her, that the property is marked with no trespassing signs located on the gate and on the fence, that the trees are marked with purple, also an indicator not to trespass, and that, after filing the criminal trespass notice, Bishop gave Hefley no indication that he was welcome on her property.

Shawn Walraven, the Chief of Police for DeKalb, testified that 105 Honeysuckle is located in a residential subdivision, with each plot assigned a separate address; that Bishop's fourteen acres is one, contiguous acreage; that the entirety of Bishop's property is located at 105 Honeysuckle; that Bishop resides on the far, east side of the subdivision; and that her property connects to the subdivision. While Walraven did not review property records to know how Bishop's property is plotted, Walraven claimed familiarity with the property. Walraven testified that the 105 Honeysuckle property includes Bishop's pastureland, house, front and back yards, and the driveway.

Susan Pickle resides at 1219 Rolling Hills Drive in DeKalb with her husband, Stacy Starrett. Pickle testified that Hefley formerly lived across the street from them on Rolling Hills Drive and that Bishop lives across the pasture from Pickle and Starrett. The jury was shown a map depicting Bishop's property and the location of her home on that property. The Hefley residence is across the street from the Pickle/Starrett property. Bishop's pasture is behind the Pickle/Starrett house.

3

On March 18, Pickle and Starrett were in their yard when they observed Hefley walk across the street between their house and the house next to them.  Pickle testified that Hefley walked completely across the Bishop property to the far tree line.  After standing there for a few minutes, looking up and down the tree line, Hefley turned around and walked back home.[3]  Pickle said that she clearly saw Hefley walk across Bishop's property.  Starrett testified that he knows where his property ends and the Bishop property begins and that he watched Hefley walk completely across the Bishop property.  Pickle, aware of the trespass notice given to Hefley, reported this incident to the police in DeKalb.

Hefley claims the evidence is insufficient for a jury to find, beyond a reasonable doubt, that he had notice not to enter the portion of the property in question, the pasture back to the tree line.  We disagree.

In reviewing a challenge to the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of criminal trespass.  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  We give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

---

[3]While the reporter's record suggests that the jury was shown a recording from Pickle's home-security motion-activated cameras depicting Hefley walking across the Pickle/Starrett property and onto the Bishop property, no recording was made a part of the appellate record.

4

facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

A person commits the offense of criminal trespass if he or she "enters or remains on or in property of another . . . without effective consent and the person . . . had notice that the entry was forbidden . . . ." TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2012); *Salazar v. State*, 284 S.W.3d 874, 876 (Tex. Crim. App. 2009). Written or oral notice, fencing, signs forbidding entry, purple paint marks on trees or posts, and crop cultivation all effectively place a person on notice that entry is forbidden. TEX. PENAL CODE ANN. § 30.05(b)(2) (West Supp. 2012).

Hefley contends that, although admittedly the criminal trespass notice he received indicated he was not to enter 105 Honeysuckle, it lacked any warning that he was not to enter the pasture area located in front of the house at that address. He argues there was no evidence that it was commonly known in the community, or that he knew or should have known, that the pasture was part of 105 Honeysuckle. There is no dispute that the pasture is owned by Bishop. Likewise, Hefley contends there was no other evidence that would give rise to an inference that

5

he knew the pasture area was a part of the 105 Honeysuckle address listed on the criminal trespass warning.

Hefley was served with a criminal trespass warning for 105 Honeysuckle. While admittedly there can be ambiguity in using a street address to describe physical land, there is evidence that this was a fourteen-acre property located near Hefley's residence. It is reasonable to infer that, because Hefley and Bishop were neighbors, Hefley knew where Bishop lived and where her property was located. It is also reasonable to infer that, because Hefley was served with the trespass notice and other notices regarding other neighborhood properties, he had previously intruded on Bishop's property. The evidence reflects that Hefley walked across the Bishop property to the tree line, where the Bishop residence was plainly visible. There was also testimony that the pasture area of Bishop's property was part and parcel of the 105 Honeysuckle address. Even if the notice itself could be interpreted to lack the necessary notice, the pasture area was marked with no trespassing signs and purple paint markers on the tree line.

A rational jury could conclude from the evidence here that Hefley had notice that his entry onto Bishop's pasture was forbidden. *See Williams v. State*, 138 S.W.3d 43 (Tex. App.— Waco 2004, no pet.) (absence of formal legal description of property's boundaries did not render notice inadequate).

6

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 1, 2013
Date Decided:       October 9, 2013

Do Not Publish