**AFFIRM; and Opinion Filed July 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00183-CR

**TRAVIS LEE ANDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F12-53080-J**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant Travis Lee Anderson pleaded guilty to unlawful possession with the intent to deliver cocaine. The trial court assessed punishment at ten years' imprisonment and a $3,000 fine. In a single issue, appellant contends the trial court erred in denying his pretrial motion to suppress evidence. For the following reasons, we affirm appellant's conviction.

Appellant was stopped and detained at an apartment complex in the City of Dallas. During that detention, police discovered appellant had a warrant for his arrest. In a search incident to arrest, police found cocaine on his person. Appellant was charged with possession with intent to deliver a controlled substance. Appellant filed a pretrial motion to suppress the drug evidence asserting his detention was unlawful.

At the hearing on the motion, the State presented evidence the Dallas Police's "Criminal Response Team" had targeted the apartment complex as a high crime area for shootings and

stabbings, as well as drug trafficking. The manager of that complex had filed a "criminal trespass affidavit" with the Dallas police requesting and authorizing them to remove any unauthorized individuals from the premises. The manager also swore that appropriate "no trespassing" signs had been posted on the property in locations reasonably likely to come to the attention of intruders.

At 1:30 a.m., Officer Carlos Salas went to the complex to conduct "foot patrol." Salas testified he observed appellant walking "between apartment complexes, behind a building." Salas asked appellant if he lived there. Appellant said, "No," and then "sped walked" away from Salas. The officer followed appellant to his vehicle where he detained him. After discovering appellant had a warrant for his arrest, Salas arrested him and found cocaine on his person.

After hearing the evidence, the trial court denied appellant's motion to suppress. On appeal, appellant asserts Salas lacked reasonable suspicion to detain him and therefore evidence seized as a result of his subsequent arrest should have been suppressed.

A police officer may conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000). "Reasonable suspicion" is a less demanding standard than probable cause and may be based on a "lesser quantum or quality" of information than is necessary to show probable cause for arrest. *Derichsweiler v. State*, 348 S.W.3d 906, 916-17 (Tex. Crim. App. 2011). An officer must nevertheless be able to articulate more than an "inchoate and unparticularized suspicion or 'hunch'" of criminal activity. *Wardlow*, 528 U.S. at 123-24 (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

According to appellant, Salas lacked reasonable suspicion because Salas based his detention on "merely suspicious behavior, not illegal behavior." However, circumstances raising suspicion of illegal conduct need not be criminal. *Wade v. State*, 422 S.W.3d 661, 670 (Tex.

–2–

Crim. App. 2013). A person's conduct may appear purely innocent in a vacuum, but when viewed in light of the totality of the circumstances, may nevertheless give rise to reasonable suspicion. *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007); *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

Here, appellant was observed at 1:30 a.m. at an apartment complex in a high crime area. The manager of that complex had filed an affidavit with police stating she had posted "no trespassing" signs on the property and also authorizing police to remove any unauthorized persons from the premises. When Salas asked appellant if he lived at the complex,[1] appellant admitted he did not, and then immediately "sped" walked to his vehicle. The trial court specifically found appellant's act in doing so showed he knew he was not authorized to be on the premises. We conclude that Salinas had reasonable suspicion based on specific articulable facts to conduct a temporary detention. *See Wardlow*, 528 U.S. at 124 (evasive actions in high crime area relevant consideration in determining reasonable suspicion); *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (time of day relevant factor in determining reasonable suspicion); *Balentine v. State*, 71 S.W.3d 763, 769 (Tex. Crim. App. 2002) (walking briskly away from reported crime scene relevant consideration in determining reasonable suspicion).

We resolve the sole issue against appellant and affirm the trial court's judgment.

/Ada Brown/
_____
Do Not Publish           ADA BROWN
Tex. R. App. P. 47.2(b)     JUSTICE

140183F.U05

---

[1] Appellant does not assert this initial encounter constituted a seizure under the Fourth Amendment. We nevertheless note that a landlord may give police apparent authority to give notice to persons on their property that entry is forbidden. *Williams v. State*, 138 S.W.3d 43, 45 (Tex. App.—Waco 2004, no pet.).

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRAVIS LEE ANDERSON, Appellant

No. 05-14-00183-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F12-53080-J.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 10th day of July, 2015.