

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00411-CR

STEVEN DALE MCCAIN　　　　　　　　　　　　　　　　　　APPELLANT

V.

THE STATE OF TEXAS　　　　　　　　　　　　　　　　　　　　STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1373308D

----------

## OPINION

----------

After a bench trial, the trial court found Steven Dale McCain guilty of continuous sexual abuse of a child under fourteen and sentenced him to 30 years' imprisonment in the penitentiary. Tex. Penal Code Ann. § 21.02 (West Supp. 2017). Arguing that the punishment scheme is disproportionately harsh when compared to the component offenses, in six issues McCain attacks the constitutionality of section 21.02. In his first two issues, he asserts that section

21.02 constitutes cruel and unusual punishment under the United States and Texas constitutions, respectively. In his third through sixth issues, he contends that section 21.02 violates the equal-protection clauses of the United States and Texas constitutions both on its face and as applied to him. We affirm.

## Evidence

The complainant testified that when she was seven years old, McCain touched and digitally penetrated her sexual organ frequently—perhaps twice a week—during the whole of her second-grade school year and estimated that the abuse occurred, at a minimum, twenty times.[1] Because McCain does not contest the evidentiary sufficiency, we will discuss the evidence only as needed below.

## Not cruel and unusual punishment
### *Issues One and Two*

In McCain's first issue, he argues that section 21.02 violates the prohibition against cruel and unusual punishment found in the Eighth and Fourteenth Amendments of the United States Constitution. U.S. Const. amends. VIII, XIV. In his second issue, he argues that the statute also violates the prohibition against cruel and unusual punishment found in Article I, section 13, of the Texas constitution. Tex. Const. Art. I, § 13. McCain acknowledges that we analyze each

---

[1]The complainant's mother was married to McCain when the complainant was conceived, but McCain was not the complainant's father. After McCain and the complainant's mother divorced, McCain and his ex-wife's sister bought a house together. The complainant and her mother (McCain's ex-wife) then moved into that home. It was while the complainant was living in the same home as McCain that the abuse occurred.

constitution in the same way. *See Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App.), *cert. denied*, 522 U.S. 994 (1997).

Although McCain's issues attack the absence of parole, his argument is broader: he attacks the punishment ranges, the unavailability of deferred-adjudication community supervision,[2] and the absence of parole eligibility. We nevertheless consider his attack a categorical one—that is, he objects to being labelled a section 21.02 offender when the identical conduct, if committed in 29 days or less, would have dramatically altered his punishment scheme.

McCain notes that the component offenses of his charged offense were indecency with a child by fondling, which is a second-degree felony, and aggravated sexual assault, a first-degree felony. Tex. Penal Code Ann. § 21.11(a)(1), (d) (West Supp. 2017) (indecency with a child); *Id.* § 22.021(a)(1)(B)(i), (2)(B), (e) (West Supp. 2017) (aggravated sexual assault). The imprisonment punishment range for second-degree felonies is "not more than 20 years or less than 2 years." *Id.* § 12.33(a) (West 2011). The imprisonment punishment range for first-degree felonies is "for life or for any term of not more than 99 years or less than 5 years." *Id.* § 12.32(a) (West 2011). In contrast, under section 21.02, the imprisonment punishment range is "for life, or for any term of not more than 99 years or less than 25 years." *Id.* § 21.02(h).

---

[2]The terms "community supervision" and "probation" are synonymous. *Prevato v. State*, 77 S.W.3d 317, 317 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

For each component offense, if he pleaded guilty or nolo contendere, McCain would be eligible for deferred-adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.101(a), –.102(a) (West Supp. 2017). For the section 21.02 offense, he was not. *See id.* art. 42A.102(b)(3)(A) (West Supp. 2017).

And for both component offenses, McCain would be eligible for release on parole, though not "until [his] actual calendar time served, without consideration of good conduct time, equal[ed] one-half of the sentence or 30 calendar years, whichever is less, but in no event [would he be] eligible for release on parole in less than two calendar years." *See* Tex. Gov't Code Ann. § 508.145(d)(1)(A), (2) (West Supp. 2017). But for an offense under section 21.02, McCain is not eligible for parole—period. *See* Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2017).

McCain contends that all these differences turn on the arbitrary distinction that the offenses occurred over 30 days or more. (Section 21.02 requires two or more acts of sexual abuse during a period that is 30 or more days in duration. Tex. Penal Code Ann. § 21.02(b)(1).) According to McCain, this arbitrary distinction renders his punishment disproportionate when compared to the component offenses' punishment ranges.

When addressing a similar argument, the Amarillo Court of Appeals wrote that the impetus for the enactment of section 21.02 was Judge Cochran's concurring opinion in *Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App.

4

2006) (Cochran, J., concurring). *Glover v. State*, 406 S.W.3d 343, 348 (Tex. App.—Amarillo 2013, pet. ref'd), *cert. denied*, 134 S. Ct. 1882 (2014). Judge Cochran there observed that a class of cases exists that is "depressingly familiar." *Dixon*, 201 S.W.3d at 736. That class entails several common elements: (1) "a young child [who] is repeatedly molested by an authority figure— usually a step-parent, grandparent, uncle or caregiver"; (2) the evidentiary presence (or absence) of sexual contact, and (3) the child is too young to differentiate one instance of molestation from another or lacks the arithmetic skills to accurately indicate the number of offenses. *Id.* at 736–37. The judge lamented that the "real gravamen of this criminal behavior is the existence of a sexually abusive relationship with a young child, male or female, marked by continuous and numerous acts of sexual abuse of the same or different varieties. This scenario plays itself out in Texas courtrooms every day." *Id.* at 737. The conundrum was that Texas law did "not easily accommodate the prosecution of generic, undifferentiated, ongoing acts of sexual abuse of young children." *Id.*

This conundrum flowed from the intent of Texas law "to prosecute a person who commits one discrete criminal offense at one discrete moment of time," and because criminal procedures were designed to protect a defendant from being tried for being a bad person generally and to give the defendant advance notice of precisely what criminal act he allegedly committed and when it occurred. *Id.* Judge Cochran called on the Legislature to enact "a new penal statute that focuses upon a continuing course of conduct crime—a sexually abusive

5

relationship that is marked by a pattern or course of conduct of various sexual acts." *Id.* In 2007, the Legislature did just that by enacting section 21.02 of the penal code and amending section 508.145(a) of the government code to include section 21.02 among those offenses for which no parole is possible. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1120, 1127; Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.10, 2007 Tex. Gen. Laws 1120, 1124; *see also Glover*, 406 S.W.3d at 348 n.5.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. That provision applies to the States through the Fourteenth Amendment. *See Furman v. Georgia*, 408 U.S. 238, 239, 92 S. Ct. 2726, 2727 (1972); *Eguia v. State*, 288 S.W.3d 1, 12 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The cruel-and-unusual-punishment prohibition protects individuals from excessive sanctions. *Miller v. Alabama*, 567 U.S. 460, 469, 132 S. Ct. 2455, 2463, (2012); *Roper v. Simmons*, 543 U.S. 551, 560, 125 S. Ct. 1183, 1190 (2005). The right to be free from excessive punishment stems from the basic principle that criminal punishment should be graduated and proportioned to fit both the offender and the offense. *See Roper*, 543 U.S. at 560, 125 S. Ct. at 1190; *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S. Ct. 2242, 2246 (2002); *Welch v. State*, 335 S.W.3d 376, 379–80 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see also Glover*, 406 S.W.3d at 347.

In non-death-penalty cases, the United States Supreme Court has upheld, against an Eighth Amendment challenge, a mandatory life sentence without parole in a drug-possession case. *See Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991). Accordingly, a sentence for a non-capital offense that is subject to a mandatory no-parole provision is not *per se* unconstitutional. *See Glover*, 406 S.W.3d at 347.

*Harmelin* produced five different opinions. 501 U.S. at 961, 111 S. Ct. at 2684 (Scalia, J., majority op. as to Part IV & plurality op. as to Parts I, II, and III); *id.* at 996, 111 S. Ct. at 2702 (Kennedy, J., concurring in part); *id.* at 1009, 111 S. Ct. at 2709 (White, J., dissenting); *id.* at 1027, 111 S. Ct. at 2719 (Marshall, J., dissenting); *id.* at 1028, 111 S. Ct. at 2719 (Stevens, J., dissenting). Where the law stood after *Harmelin* was not easy to discern. *See Smith v. State*, No. 2-02-259-CR, 2003 WL 1849204, at * 2–3 (Tex. App.—Fort Worth Apr. 10, 2003, pet. ref'd) (mem. op., not designated for publication) (discussing *Harmelin*); *Puga v. State*, 916 S.W.2d 547, 549–50 (Tex. App.—San Antonio 1996, no pet.) (same).

But over the years, a narrow proportionality principle applicable to non-capital cases has evolved concerning a punishment scheme's "categorical" application to "an entire class of offenders." *Graham v. Florida*, 560 U.S. 48, 61, 67, 130 S. Ct. 2011, 2022–23, 2026 (2010); *see Glover*, 406 S.W.3d at 347. Thus in *Graham*, the United States Supreme Court held that a life sentence without the possibility of parole is constitutionally infirm when applied

7

categorically to juveniles in non-homicide offenses. *Graham*, 560 U.S. at 82, 130 S. Ct. at 2034; *see Glover*, 406 S.W.3d at 347.

When analyzing similar "categorical" challenges to statutory punishment schemes, the Texas Court of Criminal Appeals has interpreted *Graham* as requiring courts to consider four factors: (1) whether there is a national consensus against imposing the particular punishment at issue; (2) the offenders' moral culpability in light of their crimes and characteristics; (3) the severity of the punishment; and (4) whether the punishment serves legitimate penological goals. *Meadoux v. State*, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010) (relying on *Graham*, 560 U.S. at 61, 67, 130 S. Ct. at 2022, 2026), *cert. denied*, 563 U.S. 924 (2011).

We examine each factor in turn.

## A. National consensus

McCain cites statutes from five other states to observe that all five require a minimum timespan of three months or 90 days and three incidents, and that only one of the five authorizes a maximum life punishment with no parole for 35 years. Ariz. Rev. Stat. §§ 13-705(A),[i] 13-1417(A),[ii] 13-1417(B)[iii] (2018); Cal. Penal Code § 288.5(a),[iv] 3000(b)(4)(A)[v] (West 2018); Del. Code Ann. tit. 11, §§ 776(a),[vi] 776(d),[vii] 4205(b)(2)[viii] 4346(a)[ix] (West 2018); N.D. Cent. Code Ann. §§ 12.1-20-03.1(1),[x] 12.1-32-01(1), (2)[xi] (West 2018); Tenn. Code Ann. § 39-13-518,[xii] 40-28-115,[xiii] 40-35-112[xiv] (West 2018).

8

Our review shows that two of the five authorize life sentences—Arizona (where the life sentence is mandatory), with no parole eligibility for the first 35 years, and North Dakota, where the life sentence can be with or without parole and where, if parole is allowed, the prisoner must serve 30 years (with further credits for any good behavior) before becoming eligible. Ariz. Rev. Stat. §§ 13-705(A), 13-1417(A); N.D. Cent. Code Ann. §§ 12.1-20-03.1(1), 12.1-32-01(1). In any event, we are not persuaded that the five states' statutes to which McCain points reflect a national consensus against section 21.02's punishment scheme.

### Arizona

Arizona requires three or more acts over a period of three months or more. Ariz. Rev. Stat. § 13-1417(A). The punishment is life imprisonment. *Id.* § 13-705(A). Parole is not a possibility until the person has served 35 years. *Id.*

### California

California requires three or more acts over a period of not less than three months. Cal. Penal Code § 288.5. The punishment is "for a term of 6, 12, or 16 years." *Id.* Parole upon release from imprisonment, however, is for 20 years and six months and "for good cause" can be extended. *Id.* § 3000(b)(4)(A).

### Delaware

Delaware requires three or more acts over "not less than 3 months in duration." Del. Code. Ann. tit. 11, § 776(a). Continuous sexual abuse of a child is a class B felony. *Id.* § 776(d). Such a felony is punishable by "not less than

9

2 years up to 25 years . . . ." *Id.* § 4205(b)(2). A prisoner becomes eligible for parole after serving one-third of the sentence, a time period that can be further reduced by merit and good-behavior credits. *Id.* § 4346.

*North Dakota*

North Dakota requires three or more sexual acts or contacts during a period of three or more months. N.D. Cent. Code Ann. § 12.1-20-03.1(1). If the offender is at least 22 years old, the offense is a class AA felony; otherwise it is a class A felony. *Id.* For a class AA felony, a sentence of life imprisonment without parole may be imposed, and if a life sentence with parole is assessed, the prisoner does not become eligible for parole for 30 years, less any "sentence reduction earned for good conduct . . . ." *Id.* § 12.1-32-01(1). For a class A felony, the maximum punishment is 20 years' imprisonment and a $20,000 fine. *Id.* § 12.1-32-01(2).

*Tennessee*

Tennessee's offense and punishment scheme is organized differently. "Multiple acts of sexual abuse of a child" can mean (1) three or more incidents of sexual abuse involving the same child over a period of 90 days or more, (2) three or more different children and one incident with each over a period of 90 days or more, or (3) five or more incidents involving two or more children over a period of less than 90 days. Tenn. Code Ann. § 39-13-518(a)(1)(A)(i)–(iii), (b)(1), (2). Tennessee has five classes of felonies (A through E) and, further, three separate punishment ranges for each class of felony. *Id.* § 40-35-112. For example, a

10

class A felony will have three separate punishment ranges depending on whether it is further classified within Range I, II, or III. *Id.* Depending on variables, the offense can be a Class A, B, or C felony. *Id.* § 39-13-518(c)(1)–(4). Regardless of which class of felony applies, all three punishment ranges apply. *Id.* § 39-13-518(g). The most serious Class A felony punishment range is found in Range III—not less than 40 years or more than 60 years. *Id.* § 40-35-112(c)(1). As for parole, for indeterminate sentences, the prisoner must serve "the minimum sentence imposed by the court." *Id.* § 40-28-115(a). For determinate sentences, the prisoner must serve at least half the sentence. *Id.* § 40-28-115(b).

After reviewing these five states' statutes, we can conclude only that there is great diversity among them. We do not glean from those various statutes any national consensus against long sentences, long minimum sentences, or the absence of the possibility of parole.

As for McCain's complaint that the other states require a 90-day or three-month minimum time period whereas Texas requires a minimum 30-day period, McCain would not benefit from that distinction because his abusive behavior spanned about nine months. Furthermore, if the duration was 30 days or 90 days, McCain's arguments would remain the same—any timespan the Legislature chose would be arbitrary. Moreover, the State has prosecutorial discretion when deciding what crime to charge. *White v. State*, No. 02-16-00158-CR, 2017 WL 1089691, at *7 (Tex. App.—Fort Worth Mar. 23, 2017, pet. ref'd)

11

(mem. op., not designated for publication). McCain's case is not one in which the State was stretching the statute beyond its intended limits.

## B. Moral culpability

McCain was an adult figure—if not a father figure—in the complainant's home, precisely the type of perpetrator Judge Cochran described in her *Dixon* concurrence. The abuse was not an isolated incident; it happened about twice a week for an entire school year, or roughly nine months. This too is precisely the type of offense Judge Cochran described: a course of conduct that occurred with a regularity that made it difficult for the complainant to differentiate one incident from another and that occurred over a sufficiently lengthy time that estimating the number of times was difficult.

## C. The severity of the punishment

For argument's purposes, McCain articulates two separate offenses each committed over a course of 30 days—that one day past 29 triggering section 21.02's applicability, with all its cascading punishment implications. The indictment and evidence were structured that way because that is what section 21.02 requires.

The nature of McCain's overall conduct was something far more substantial than two occurrences over 30 days. The complainant herself estimated a minimum of 20 instances of sexual abuse, an estimate that seems conservative in light of all the evidence. She testified that the abuse occurred perhaps twice a week for an entire school year—or approximately nine months.

Assuming four weeks per month, that works out to roughly 72 instances of sexual abuse.

If, for simple arithmetic, one assumes 60 instances and a resulting 30-year sentence, that works out to six months per instance. Assuming only 20 instances, with a 30-year sentence, the math yields a year-and-a-half per occurrence—still less than the minimum punishment for either a second-degree or first-degree offense if considered individually.

McCain assumes that if he had been charged differently, he might have received deferred-adjudication community supervision, his sentence might have been significantly less, and he would have been eligible for parole. That argument, however, requires a great deal of speculation that we are not permitted to engage in. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

Contrary to McCain's assertions, he would not have been eligible for deferred-adjudication community supervision even if he had been charged differently. To be eligible, he would have had to plead guilty or nolo contendere. *See* Tex. Code Crim. Proc. Ann. art. 42A.101(a). McCain instead entered a not-guilty plea. The record contains nothing indicating that he would have pleaded guilty if the State had charged him differently.

The trial court could have given McCain 30 years for the first-degree felony offense of aggravated sexual assault just as easily as it gave him 30 years for the offense of continuous sexual abuse of a child. And although the maximum

13

sentence for a second-degree felony is only 20 years, even though the offenses were tried together the trial court could have ordered them to run consecutively. *See* Tex. Penal Code Ann. § 3.03(b)(2) (West Supp. 2017). Further adding to the (unwarranted) speculation, if the State had not opted to charge McCain under section 21.02, the State might not have limited an indictment to just two instances of sexual abuse and just two counts. Because McCain has not contested the evidentiary sufficiency, we have not detailed the testimony, but it lent itself to more than simply two instances and two counts, had the State decided to charge McCain for individual instances.

And although McCain would have been eligible for parole after serving 15 years of a 30-year sentence if he had been charged differently but received the same sentence, McCain presented no evidence or authority showing whether getting paroled after 15 years would have been at all realistic. Parole eligibility is one thing; obtaining it is another.[3]

D. **Whether the punishment serves a legitimate penological purpose**

Retribution, deterrence, incapacitation, and rehabilitation are four legitimate goals of criminal sanctions. *Glover*, 406 S.W.3d at 349. Sentences lacking a legitimate penological justification are by their nature disproportionate to the offense. *Id.* "[P]edophiles and sexual predators tend to repeat their

---

[3]Given the perceived recidivism rate of sex offenders, we would not be surprised if they must generally serve a significant portion of their sentences before being paroled.

14

offenses. Accordingly, the penological interests of both deterrence and incapacitation are served by the sentencing scheme in question." *Id.* at 350.

Having weighed all four factors, we hold that the punishment scheme for section 21.02 does not constitute cruel and unusual punishment under the United States and Texas constitutions. *See id.*; *see also DeLeon v. State*, No. 03-13-00202-CR, 2015 WL 3454101, at *8–9 (Tex. App.—Austin May 29, 2015, pet. ref'd) (mem. op., not designated for publication) (following *Glover*). We overrule McCain's first two issues.

### No violation of equal protection
### *Issues Three through Six*

In McCain's third through sixth issues, he contends that penal code section 21.02 and government code section 508.145(a) (which provides that a person serving a sentence for continuous sexual abuse of a young child is not eligible for release on parole) violate the equal-protections clauses of the United States and Texas constitutions both on their faces and as applied to him. U.S. Const. amend. XIV; Tex. Const. art. I, § 3; Tex. Penal Code Tex. Ann. § 21.02; Gov't Code Ann. § 508.145(a). McCain also relies on arguments he presented under his first two issues—that is, the unavailability of deferred-adjudication community supervision and the minimum 25-year sentence under section 21.02. The Texas equal-rights provision and the federal equal-protection clause are analyzed the same way. *See Cannady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App.), *cert. denied*, 531 U.S. 850 (2000).

15

A statute may be challenged as unconstitutional "on its face" or "as applied." To call a statute unconstitutional "on its face" is to claim that the statute, by its terms, always operates unconstitutionally. *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). An "as applied" challenge to a statute argues that the claimant's particular circumstances render the statute unconstitutional as to him. *Id.* at n.3.

McCain does not contend that parole is a fundamental right or that people convicted of continuous sexual abuse of children under fourteen constitute a suspect class. We thus review section 21.02 and section 508.145(a) to determine whether they rationally relate to a legitimate governmental purpose. *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 457–58, 108 S. Ct. 2481, 2487 (1988); *Black v. State*, 26 S.W.3d 895, 897 (Tex. Crim. App. 2000). This standard of review applies under both the federal and state equal-protection clauses. *Combs v. STP Nuclear Operating Co.*, 239 S.W.3d 264, 275 (Tex. App.—Austin 2007, pet. denied); *Martin v. State*, 335 S.W.3d 867, 878 (Tex. App.—Austin 2011, pet. ref'd), *cert. denied*, 568 U.S. 1026 (2012).

McCain contends that section 21.02 and section 508.145(a) are irrational for the reasons already articulated in his first and second issues: the identical conduct, if done 30 or more days apart, can radically impact whether the accused is eligible for deferred-adjudication community supervision, the minimum sentence the defendant must serve, and the defendant's parole eligibility. In this case, for example, if McCain had been directly convicted of the aggravated

16

sexual assaults or acts of indecency by contact that he was shown to have committed against the complainant, he would have been eligible for parole, but because the State instead alleged those offenses as "acts of sexual abuse" under section 21.02, McCain is not eligible for parole under the terms of section 508.145(a).[4] McCain contends that this distinction is irrational and arbitrary.

Section 21.02 is unique in requiring proof that the accused engaged in a continuing pattern of sexual abuse against a child or children younger than fourteen. We believe that the Legislature could rationally conclude that people who have manifested such a sexually abusive behavioral pattern are particularly dangerous and should be ineligible for parole, while continuing to allow parole for those found guilty of individual sex offenses against young children. This statutory distinction is of course not perfect. A person who engages in a sexually abusive behavioral pattern that would constitute an offense under section 21.02 may nevertheless be tried and convicted for only one or more of the underlying offenses and thereby remain eligible for parole. But when determining whether a statute is rationally related to a legitimate governmental purpose, we must defer to legislative determinations and may invalidate the statute only if it

---

[4]Section 508.145(a) also denies parole to persons convicted of aggravated sexual assault of a child and punished under section 22.021(f), which enhances the punishment if the complainant was younger than six or if the complainant was younger than fourteen and certain aggravating circumstances were present. *See* Tex. Gov't Code Ann. § 508.145(a); Tex. Penal Code § 22.021(f) (West Supp. 2017). When the complainant lived with McCain, she was seven years old.

17

draws a distinction that simply makes no sense. *See Anderer v. State*, 47 S.W.3d 60, 66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

The Supreme Court has explained that a statute does not violate the Equal Protection Clause merely because the classifications are imperfect. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S. Ct. 1153, 1161 (1970). Provided that a classification has some reasonable basis, it does not violate the Constitution simply because the classification is not made with mathematical precision or because it results, in practice, in some inequality. *Id.* Governing entails practical problems that sometimes require rough accommodations. *Id.* In short, and as a result, a court will not set aside a statutory discrimination if any conceivable factual basis reasonably justifies it. *Id.*

We hold that the Legislature had a rational basis to deny parole to persons convicted for continuous sexual abuse of a child but to allow parole to persons convicted of other isolated sexual offenses against children younger than fourteen. We hold that the statutes are not facially unconstitutional. *See Martin*, 335 S.W.3d at 878–79; *see Fulmer v. State*, 401 S.W.3d 305, 313–14 (Tex. App.—San Antonio, pet. ref'd), *cert. denied*, 134 S. Ct. 436 (2013). We also hold that the statutes are not unconstitutional as applied to McCain because his conduct involved a significant number of molestations over a prolonged period. *See Martin*, 335 S.W.3d at 878–79. Therefore, we overrule McCain's third, fourth, fifth, and sixth issues.

**Conclusion**

Having overruled McCain's six issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

PUBLISH

DELIVERED:  March 15, 2018

---

[i]Section 13-705(A) of the Arizona Revised Statutes provides:

A person . . . convicted of a . . . crime against children in the first degree involving sexual assault . . . or sexual conduct with a minor who is twelve years of age or younger shall be sentenced to life imprisonment and is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis . . . until the person has served thirty-five years or the sentence is commuted.

Ariz. Rev. Stat. § 13-705(A).

[ii]Section 13-1417(A) of the Arizona Revised Statutes provides: "A person who over a period of three months or more in duration engages in three or more acts in violation of § 13-1405, 13-406 or 13-1410 with a child who is under fourteen years of age is guilty of continuous sexual abuse of a child." *Id.* § 13-1417(A).

[iii]Section 13-1417(B) of the Arizona Revised Statutes provides: "Continuous sexual abuse of a child is a class 2 felony and is punishable pursuant to § 13.705." *Id.* § 13-1417(B).

[iv]Section 288.5 of the California Penal Code provides:

Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more

19

acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years.

Cal. Penal Code § 288.5.

[v]Section 3000(b)(4)(A) of the California Penal code provides:

(4)(A) Notwithstanding paragraphs (1) to (3), inclusive, in the case of a person convicted of and required to register as a sex offender for the commission of an offense specified in Section 261, 262, 264.1, 286, 288a, paragraph (1) of subdivision (b) of Section 288, Section 288.5, or 289, in which one or more of the victims of the offense was a child under 14 years of age, the period of parole shall be 20 years and six months unless the board, for good cause, determines that the person will be retained on parole. The board shall make a written record of this determination and transmit a copy of it to the parolee.

*Id.* § 3000(b)(4)(A).

[vi]Section 776(a) of Title 11 of the Delaware Code provides:

A person is guilty of continuous sexual abuse of a child when, either residing in the same home with the minor child or having recurring access to the child, the person intentionally engages in 3 or more acts of sexual conduct with a child under the age of 18 years of age over a period of time, not less than 3 months in duration.

*Id.* tit. 11, § 776(a).

[vii]In Delaware, "[c]ontinuous sexual abuse of a child is a class B felony." *Id.* tit. 11, § 776(d).

[viii]Section 4205(b)(2) of Title 11 of the Delaware Code provides: "The term of incarceration which the court may impose for a felony is fixed as follows: . . . For a class B felony not less than 2 years up to 25 years to be served at Level V." *Id.* tit. 11, § 4205(b)(2).

[ix]Section 4346 of Title 11 of the Delaware Code provides:

A person confined to any correctional facility administered by the Department may be released on parole by the Board if the person has served ⅓ of the term imposed by the court, such term to be reduced by such merit and good behavior credits as have been earned, or 120 days, whichever is greater.

*Id.* tit. 11, § 4346.

[x]Section 12.1-20-03.1(1) of the North Dakota Criminal Code provides:

An individual in adult court is guilty of an offense if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years during a period of three or more months. The offense is a class AA felony if the actor was at least twenty-two years of age at the time of the offense. Otherwise, the offense is a class A felony. The court may not defer imposition of sentence.

N.D. Cent. Code Ann. § 12.1-20-03.1.

[xi]Subsections (1) and (2) of section 12.1-32-01 of the North Dakota Criminal Code provide:

Offenses are divided into seven classes, which are denominated and subject to maximum penalties, as follows:

1. Class AA felony, for which a maximum penalty of life imprisonment without parole may be imposed. The court must designate whether the life imprisonment sentence imposed is with or without an opportunity for parole. Notwithstanding the provisions of section 12-59-05, a person found guilty of a class AA felony and who receives a sentence of life imprisonment with parole, shall not be eligible to have that person's sentence considered by the parole board for thirty years, less sentence reduction earned for good conduct, after that person's admission to the penitentiary.

2. Class A felony, for which a maximum penalty of twenty years' imprisonment, a fine of twenty thousand dollars, or both, may be imposed.

*Id.* § 12.1-32-01(1), (2).

21

[xii]Section 39-13-518 of the Tennessee Code provides:

(a) As used in this section:

(1) "Multiple acts of sexual abuse of a child" means:

(A)(i) Engaging in three (3) or more incidents of sexual abuse of a child involving the same minor child on separate occasions; provided, that at least one (1) such incident occurred within the county in which the charge is filed and that one (1) such incident occurred on or after July 1, 2014;

(ii) Engaging in at least one (1) incident of sexual abuse of a child upon three (3) or more different minor children on separate occasions; provided, that at least one (1) such incident occurred within the county in which the charge is filed and that one (1) such incident occurred on or after July 1, 2014; or

(iii) Engaging in five (5) or more incidents of sexual abuse of a child involving two (2) or more different minor children on separate occasions; provided, that at least one (1) such incident occurred within the county in which the charge is filed and that one (1) such incident occurred on or after July 1, 2014; and

(B) The victims of the incidents of sexual abuse of a child share distinctive, common characteristics, qualities or circumstances with respect to each other or to the person committing the offenses, or there are common methods or characteristics in the commission of the offense, allowing otherwise individual offenses to merge into a single continuing offense involving a pattern of criminal activity against similar victims. Common characteristics, qualities or circumstances for purposes of this subdivision (a)(1)(B) include, but are not limited to:

(i) The victims are related to the defendant by blood or marriage;

(ii) The victims reside with the defendant; or

(iii) The defendant was an authority figure, as defined in § 39-13-527(a)(3), to the victims and the victims knew each other; and

(2) "Sexual abuse of a child" means to commit an act upon a minor child that is a violation of:

(A) § 39-13-502, if the child is more than thirteen (13) but less than eighteen (18) years of age;

(B) § 39-13-503, if the child is more than thirteen (13) but less than eighteen (18) years of age;

(C) § 39-13-504;

(D) § 39-13-522;

(E) § 39-13-527;

(F) § 39-13-529(a);

(G) § 39-13-531; or

(H) § 39-13-532.

(b) A person commits continuous sexual abuse of a child who:

(1) Over a period of ninety (90) days or more, engages in multiple acts of sexual abuse of a child as defined in subdivision (a)(1)(A)(i) or (a)(1)(A)(ii); or

(2) Over a period of less than ninety (90) days, engages in multiple acts of sexual abuse of a child as defined in subdivision (a)(1)(A)(iii).

(c)(1) A violation of subsection (b) is a Class A felony if at least three (3) of the acts of sexual abuse of a child constitute violations of any of the following:

(A) § 39-13-502, if the child is more than thirteen (13) but less than eighteen (18) years of age;

(B) § 39-13-503, if the child is more than thirteen (13) but less than eighteen (18) years of age;

(C) § 39-13-504;

(D) § 39-13-522;

(E) § 39-13-529(a); or

(F) § 39-13-531.

(2) If one (1) of the three (3) or more violations under subdivision (c)(1) would be punished as a Class B felony if it were a single conviction, then the punishment for a violation of subsection (b) shall be a Class B felony.

(3) A violation of subsection (b) is a Class B felony if there are less than three (3) acts of sexual abuse of a child under the following subdivisions (c)(3)(A)–(F) but there are at least three (3) acts under any combination of subdivision (c)(1) and this subdivision (c)(3):

(A) § 39-13-502, if the child is more than thirteen (13) but less than eighteen (18) years of age;

(B) § 39-13-503, if the child is more than thirteen (13) but less than eighteen (18) years of age;

(C) § 39-13-504;

(D) § 39-13-522;

(E) § 39-13-529(a); or

(F) § 39-13-531.

(4) A violation of subsection (b) is a Class C felony if at least three (3) of the acts of sexual abuse of a child constitute violations of the following:

(A) § 39-13-527; or

(B) § 39-13-532.

(d) At least thirty (30) days prior to trial, the state shall file with the court a written notice identifying the multiple acts of sexual abuse of a child upon which the violation of this section is based. The notice shall include the identity of the victim and the statutory offense violated. Upon good cause, and where the defendant was unaware of the predicate offenses listed in the notice, the trial court may grant a continuance to facilitate proper notification of the incidents of sexual abuse of a child and for preparation by the defense of such incidents specified in the statement.

(e) The jury must agree unanimously that the defendant:

(1)(A) During a period of ninety (90) or more days in duration, committed three (3) or more acts of sexual abuse of a child; or

(B) During a period of less than ninety (90) days in duration, committed five (5) or more acts of sexual abuse of a child against at least two (2) different children; and

(2) Committed at least three (3) of the same specific acts of sexual abuse within the specified time period if prosecution is under subdivision (e)(1)(A) and at least five (5) of the same specific acts of sexual abuse within the specified time period if prosecution is under subdivision (e)(1)(B).

(f) The state may charge alternative violations of this section and of the separate offenses committed within the same time period. The separate incidents shall be alleged in separate counts and joined in the same action. A person may be convicted either of one (1) criminal violation of this section, or for one (1) or more of the separate incidents of sexual abuse of a child committed within the county in which the charges were filed, but not both. The state shall not be required to elect submission to the jury of the several counts. The jury shall be instructed to return a verdict on all counts in the indictment. In the event that a verdict of guilty is returned on a separate count that was included in the notice of separate incidents of sexual abuse of a child and the jury returns a verdict of guilty for a violation of this section, at the sentencing hearing the trial judge shall merge the separate count into the conviction under this section and only impose a sentence under this section. A conviction for a violation of this section bars the prosecution of the individual incidents of sexual abuse of a child as separate offenses described in the pretrial notice filed by the state and presented to the jury. A prosecution for a violation of this section does not bar a prosecution in the same action for individual incidents of sexual abuse not identified in the state's pretrial notice. The state shall be required to elect as to those individual incidents of sexual abuse not contained in the pretrial notice prior to submission to the jury. A conviction for such elected offenses shall not be subject to merger at sentencing.

(g) Notwithstanding any other law to the contrary, a person convicted of a violation of this section shall be punished by imprisonment and

shall be sentenced from within the full range of punishment for the offense, between Ranges I-III.

Tenn. Code Ann. § 39-13-518.

[xiii]Section 40-28-115 of the Tennessee Code of Criminal Procedure provides:

(a) Every person sentenced to an indeterminate sentence and confined in a state prison, after having served a period of time equal to the minimum sentence imposed by the court for the crime of which the person was convicted, shall be subject to the jurisdiction of the board. The time of release shall be discretionary with the board, but no such person shall be released before serving the minimum sentence nor before serving one (1) year.

(b)(1) Every person sentenced to a determinate sentence and confined in a state prison, after having served a period of time equal to one half (1/2) of the sentence imposed by the court for the crime for which the person was convicted, but in no event less than one (1) year, shall likewise be subject to parole in the same manner provided for those sentenced to an indeterminate sentence.

*Id.* § 40-28-115.

[xiv]Section 40-35-112 of the Tennessee Code provides:

(a) A Range I sentence is as follows:

(1) For a Class A felony, not less than fifteen (15) nor more than twenty-five (25) years;

(2) For a Class B felony, not less than eight (8) nor more than twelve (12) years;

(3) For a Class C felony, not less than three (3) nor more than six (6) years;

(4) For a Class D felony, not less than two (2) nor more than four (4) years; and

(5) For a Class E felony, not less than one (1) nor more than two (2) years.

26

(b) A Range II sentence is as follows:

(1) For a Class A felony, not less than twenty-five (25) nor more than forty (40) years;

(2) For a Class B felony, not less than twelve (12) nor more than twenty (20) years;

(3) For a Class C felony, not less than six (6) nor more than ten (10) years;

(4) For a Class D felony, not less than four (4) nor more than eight (8) years; and

(5) For a Class E felony, not less than two (2) nor more than four (4) years.

(c) A Range III sentence is as follows:

(1) For a Class A felony, not less than forty (40) nor more than sixty (60) years;

(2) For a Class B felony, not less than twenty (20) nor more than thirty (30) years;

(3) For a Class C felony, not less than ten (10) nor more than fifteen (15) years;

(4) For a Class D felony, not less than eight (8) nor more than twelve (12) years; and

(5) For a Class E felony, not less than four (4) nor more than six (6) years.

*Id.* § 40-35-112.