

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00203-CR
_____

ASHLEY RENE KAINER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2011-431,650-A, Honorable Jim Bob Darnell, Presiding

December 12, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Ashley Rene Kainer, appeals the trial court's denial of her application for writ of habeas corpus contending that she should have been released from community supervision because the trial court violated her due process and due course of law rights by extending the period of her community supervision for one year without a showing of good cause. We affirm the trial court's order denying appellant's application.

## Background

On May 3, 2012, appellant pled guilty to the offense of intoxicated assault and was sentenced to five years incarceration, but this sentence was suspended and appellant was placed on community supervision for five years instead.

In October 2012 and April 2014, the State filed motions to modify the terms and conditions of appellant's community supervision. In each of these instances, appellant waived a hearing. Based on the State's motions and appellant's waivers, the trial court modified the terms and conditions of appellant's community supervision.

On April 21, 2017, the trial court entered an order modifying the terms and conditions of appellant's community supervision. The order expressly provides that, "it appearing that good cause has been shown and that the Community Supervision should be modified . . ." before the order extends appellant's period of community supervision for one year. The order indicates that the one-year extension will "allow the defendant to pay back his (sic) Court Costs, Community Supervision fees and Restitution, or complete Court Ordered Programs." It further identifies that appellant waived her right to an attorney and a hearing and that appellant agreed to the modification. The order is signed by appellant, a community supervision officer, a community supervision supervisor, and the trial court.

On January 8, 2018, the State filed a motion to revoke appellant's community supervision. In response, appellant filed a motion to dismiss the State's motion to revoke that contends that the trial court is without jurisdiction because its April 21, 2017 modification order is void and, consequently, the period of appellant's community

2

supervision expired on May 2, 2017. After a hearing was commenced, the State informed the trial court that it desired to dismiss its motion to revoke appellant's community supervision. The trial court adjourned the hearing.

Immediately following the adjournment of the revocation hearing, appellant filed her motion for release from community supervision, which reasserted her contention that the trial court's April 21, 2017 modification order was void and, therefore, her term of community supervision expired on May 2, 2017. The trial court denied the motion without a hearing on February 21, 2018.

Subsequently, on March 13, appellant filed her application for writ of habeas corpus seeking an order releasing her from community supervision under article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). The trial court entered an order denying appellant's application as well as findings of fact and conclusions of law. It is from this order that appellant appeals.

The State filed a motion to revoke appellant's community supervision on April 24, 2018, which remains pending at this time.

Appellant's sole issue on appeal is whether the trial court's April 21, 2017 order extending appellant's community supervision was void and, therefore, appellant's community supervision term ended on May 2, 2017, rendering the trial court without jurisdiction to rule on the State's April 24, 2018 motion to revoke community supervision.

Standard of Review

We review a trial court's ruling on a habeas corpus application for abuse of discretion. *Ex parte Reyna*, No. 07-16-00177-CR, 2016 Tex. App. LEXIS 12193, at * 7 (Tex. App.—Amarillo Nov. 10, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007)). As such, we view all the evidence in the light most favorable to the trial court's ruling to determine whether the trial court abused its discretion. *Id.* A trial court abuses its discretion when its decision is arbitrary, unreasonable, and made without reference to any guiding rules or principles. *Id.* at *7-8. We afford almost total deference to the trial court's determinations of historical fact that are supported by the record, especially when those findings are based on the judge's evaluation of credibility and demeanor. *Id.* However, we review de novo resolution of legal questions and application of legal standards. *Id.*

Law and Analysis

A trial court has discretion to determine the appropriate period of community supervision for an eligible defendant provided the period falls within the range permitted by statute. *In re Gandara*, No. 08-17-00053-CR, 2017 Tex. App. LEXIS 6042, at *7 (Tex. App.—El Paso June 30, 2017, orig. proceeding) (not designated for publication) (citing *Mayes v. State*, 353 S.W.3d 790, 795-96 (Tex. Crim. App. 2011)). However, to extend a period of community supervision, there must be a showing of good cause made to the trial court. TEX. CODE CRIM. PROC. ANN. art. 42A.753(a) (West 2018); *In re Gandara*, 2017

Tex. App. LEXIS 6042, at *8. "Good cause" is not defined by the legislature in article 42A.753. This Court has defined the phrase "good cause" as connoting "something akin to a legitimate or substantial reason, as opposed to mere arbitrariness." *Barton-Rye v. State*, No. 07-16-00096-CR, 2016 Tex. App. LEXIS 9899, at *2 (Tex. App.—Amarillo Sept. 1, 2016, pet. ref'd) (mem. op., not designated for publication) (citing BLACK'S LAW DICTIONARY 822 (Revised 4th ed. 1968), and WEBSTER'S THIRD NEW INT'L DICTIONARY 978 (Unabridged 3rd ed. 1976)); *see In re Gandara*, 2017 Tex. App. LEXIS 6042, at *8-9 (finding the *Barton-Rye* definition to be well-reasoned).

Trial courts have discretion to extend the period of community supervision with or without a motion to revoke or a hearing. *In re Gandara*, 2017 Tex. App. LEXIS 6042, at *8 (citing *Calderon v. State*, 75 S.W.3d 555, 558 (Tex. App.—San Antonio 2002, pet. ref'd) (op. on reh'g), *Prevato v. State*, 77 S.W.3d 317, 319-21 (Tex. App.—Houston [14th Dist.] 2002, no pet.), *Warmoth v. State*, 946 S.W.2d 526, 527 (Tex. App.—Fort Worth 1997, no pet.), and *Ex parte Harrington*, 883 S.W.2d 396, 400 (Tex. App.—Fort Worth 1994, pet. ref'd)). We know that proof of a violation of the terms and conditions of community supervision constitutes good cause supporting an extension. *In re Gandara*, 2017 Tex. App. LEXIS 6042, at *7 ("[G]ood cause will exist in every case where the court finds that the probationer has violated a condition of community supervision."). However, less than a finding of a violation is required to support a modification. So long as we can find some legitimate reason for the trial court's decision to extend appellant's period of community supervision, we will affirm the trial court's denial of appellant's application. *See id.* at *8.

While the State did not file a motion for modification of the terms of appellant's community supervision nor did the trial court hold a hearing, we conclude that sufficient good cause was shown to support the trial court's extension of the period of appellant's community supervision. Initially, we note that appellant agreed in writing to the modification of her probation by signing, along with her probation officer, the "Order Amending Conditions of Community Supervision" that extended the term of her community supervision for a year. In this same document, appellant waived her right to an attorney and hearing. Further, this agreed order states that,

> Defendant shall be extended for a period of 1 YEAR to expire on 05/02/18, and during the extension period, **the defendant WILL be responsible for additional Community Supervision fees** beginning on the original date of expiration to allow the defendant to pay back [her] Court Costs, Community Supervision Fees and Restitution, or complete Court Ordered Programs.

It is reasonable to conclude from this language that the trial court found good cause to extend the period of appellant's community supervision as a means to allow her to pay back costs, fees, and restitution, and to complete court-ordered community supervision programs.[1] We find such a statement made on the face of the order analogous to what this Court has accepted as good cause. *See Barton-Rye*, 2016 Tex. App. LEXIS 9899, at *3 (when court's order justified extension of community supervision period by stating that the extension was "as an alternative to incarceration," good cause existed for the

---

[1] On January 8, 2018, the State filed a motion to revoke appellant's community supervision. In this motion, the State alleged, *inter alia*, that appellant owed community supervision fees of $1,883. Appellant's terms and conditions of community supervision required her to pay a community supervision fee of $60 per month. As such, the record reflects that appellant was necessarily in arrears on her required community supervision fees at the time of the extension. In addition, the motion to revoke alleges that appellant had failed to attend or complete drug and alcohol counseling that was assigned in April of 2017. Further, the State's motion to revoke also alleged that her March 9, 2017 urinalysis detected cocaine, her March 29, 2017 urinalysis detected alcohol, and that she signed an admission form on April 13, 2017, acknowledging that she used cocaine on March 6, 2017. These allegations, to which appellant pleaded true, would each constitute a showing of good cause for the trial court's extension of appellant's community supervision.

extension).  We deny appellant's sole issue and conclude that the trial court's April 21, 2017 order was supported by a showing of good cause.

## Conclusion

Having found that the trial court had good cause to extend appellant's community supervision, we uphold its April 21, 2017 order amending conditions of community supervision and, consequently, affirm the trial court's order denying appellant's application for writ of habeas corpus.

Judy C. Parker
Justice

Do not publish.